GEORGE H. DOWNING, APPELLANT, V. A. F. LEWIS ET AL., APPELLEES.

FILED OCTOBER 20, 1898.    No. 8353.

1. **Monopolies:** ANTI-TRUST LAW: LAUNDRY. A laundry is not a manufacturing establishment within the meaning of chapter 69, Session Laws of 1889.

2. ——: ——: MANUFACTURERS. Chapter 69, Session Laws of 1889,

was designed to prevent manufacturers and dealers in articles of commerce from combining for the purpose of lessening competition, regulating production, and increasing profits, and to secure to the public the benefits of fair competition in trade.

3. **Contracts in Restraint of Trade: Anti-Trust Law.** All contracts in restraint of trade are not forbidden by the act, but only such as are entered into by parties who are "engaged in manufacturing, selling, or dealing in the same or any like manufactured or natural products."

4. ——: ——: Injunction. An agreement in partial restraint of trade, which is not within the inhibition of the statute aforesaid, is valid and may in a proper case be enforced by injunction.

Appeal from the district court of Buffalo county. Heard below before Greene, J. *Reversed.*

*Marston & Marston,* for appellant.

*W. D. Oldham, E. C. Calkins,* and *H. V. Calkins,* contra.

Sullivan, J.

On August 6, 1895, the defendants, who are the appellees herein, sold to the plaintiff George H. Downing the business and good-will of an establishment conducted by them in the city of Kearney and known as the "Lewis Laundry." As part consideration for the purchase price agreed upon it was stipulated that the defendants should not engage in the laundry business in said city, either for themselves or for any other person, for the period of five years from August 10, 1895. The alleged violation of this agreement by the defendants furnishes the ground on which this action to obtain a perpetual injunction is predicated. A restraining order allowed at the commencement of the suit was afterwards dissolved and the petition dismissed. The plaintiff appeals.

The contract in question forbids the defendants from engaging in a particular business, in a single city, for a limited time. It is supported by a valuable and sufficient consideration. The restriction imposed is reasonably necessary for the protection of the plaintiff's interests and is not an undue interference with, or impairment of,

the rights of the public. According to the doctrine of the common law as laid down in all the modern cases, the agreement, although in partial restraint of business competition, is entirely valid, and for its effective enforcement an injunction is the appropriate remedy. (*State v. Nebraska Distilling Co.*, 29 Neb. 700; *Mollyneaux v. Wittenberg*, 39 Neb. 547; *Clark v. Crosby*, 37 Vt. 188; *Roller v. Ott*, 14 Kan. 609; *Sutton v. Head*, 86 Ky. 156; *Hodge v. Sloan*, 107 N. Y. 244; *Angier v. Webber*, 14 Allen [Mass.] 211; *Chaplin v. Brown*, 83 Ia. 156; 10 Am. & Eng. Ency. Law [1st ed.] 943.)

The defendants, however, contend that the agreement is within the inhibition of the anti-trust law of 1889. (Session Laws 1889, p. 516, ch. 69.) The first section of the act, which is the only one bearing upon the question under consideration, is as follows:

"Section 1. It shall be unlawful for any person or persons, partnership, company, association, or corporation, organized for any purpose whatever, or engaged in the manufacture or sale of any article of commerce or consumption, or for any such person or persons, partnership, company, association, or corporation dealing in any natural product, to enter into any contract, agreement, or combination with any other person or persons, partnership, company, association, or corporation, organized and doing business in this state, or in any other state or territory and doing business in this state, engaged in the manufacturing, selling, or dealing in the same or any like manufactured or natural product, whereby a common price shall be fixed for any such article or product, or whereby the manufacture or sale thereof shall be limited or the amount, extent or number of such product to be sold or manufactured shall be determined, or whereby any one or more of the combining or contracting parties shall suspend or cease the sale or manufacture of such products, or whereby the products or profits of such manufacture or sale shall be made a common fund to be divided among the respective persons, partnerships, com-

panies, associations, or corporations so entering into such contract, agreement, or combination."

It seems perfectly plain that a laundry, the business of which is to wash and iron linen and other articles of wearing apparel and domestic use which have become soiled in the service for which they were fabricated, is not a manufacturing establishment within the meaning of the section quoted. In the common understanding the function of a laundry is to make clothes clean rather than to make clean clothes. But if it were true that in the classification of occupations this business should be assigned to the manufacturing class, still the statute would have no application to the case before us. The law was intended to redress a well known evil. It was designed to prevent manufacturers and dealers in articles of commerce from combining for the purpose of lessening competition, regulating production, and increasing profits. It was intended to secure to the public the benefits of fair competition in trade, and markets in which prices of products would be fixed with reference to the natural demand and supply. It will be observed that all contracts in restraint of trade are not forbidden, but only such as are entered into by parties who are "engaged in manufacturing, selling, or dealing in the same or any like manufactured or natural products." It does not appear that Mr. Downing was engaged in the laundry business at Kearney or anywhere else when he bought the "Lewis Laundry," and that being so he was not within either the letter or spirit of the law. The transaction was not in contravention of the policy of the statute, for it did not have any tendency to limit or suppress competition. It was not calculated to make washing dear by making launderers scarce. The contract was lawful and should be enforced. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.