# Willis *v.* Rice *et al.*

*Bill in Equity by Ward to compel an Accounting and Settlement of Guardian.*

1. *Jurisdiction of Chancery Court to compel settlement of guardian-ship; can set aside decree of Probate Court discharging guardian.*—The Chancery Court having jurisdiction to compel the settlement of a guardianship, when a bill is filed for an accounting and settlement by a guardian, the court may, even under the general prayer, in order to have such settlement, set aside a decree rendered by a probate court discharging the guardian, when it is averred and shown that such decree was procured by the guardian through fraud, or by improper conduct.

2. *Bill to compel an accounting and settlement of guardian; sufficiency of averment.*—Where a bill is filed by two wards to compel the accounting and settlement by their guardian of his guardianship of their estates, the averment in such bill that the guardian took advantage of the youth and experience of the wards, who were young women, and upon their attaining their majority, induced them, by reason of his influence over them, to sign a paper reciting that he had made a full settlement of his account with them, which paper was

[Willis v. Rice et al.]

untrue in its statements, such averment is sufficient to show how the respondent took advantage of the plaintiffs in the matter of obtaining a receipt from them.

3. *Bill to set aside decree for fraud; should be filed within three years.*—A bill in equity seeking to impeach and have annulled a decree of the Probate Court discharging a guardian, which was alleged to have been obtained, through fraud, should be filed before the lapse of three years from the rendition of said decree, which is the limitation of the time of filing a bill of review.

APPEAL from Chancery Court of Mobile.

Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by the appellees against the appellant. The purpose of the bill and the averments of the bill as amended are sufficiently shown in the opinion. The respondent, Byrd C. Willis, demurred to the bill as amended upon the following grounds: "1. Bill filed for an accounting of a guardianship when it is affirmatively shown that a settlement has been had and guardian discharged, and does not seek to set aside settlement. 2. Bill affimatively shows an accounting between complainants and respondent had been had and a decree rendered discharging respondent, but does not seek to set aside said decree. 3. Bill affirmatively shows that the Probate Court of Mobile County has rendered a decree discharging respondent as guardian of complainants, and set out no state of facts why the decree should be disturbed. 4. It is not shown how respondent took advantage of complainants in the matter of signing paper acknowledging a full accounting. 5. No injury is shown to have resulted to complainants by reason of the decree of the Probate Court discharging respondent. 6. No notice to complainants of their application to the Probate Court of Mobile County for respondent's discharge was necessary to the rendition of a valid decree. 7. Bill affirmatively shows that it was not brought within the time required by law. 8. Bill affirmatively shows that it is barred by the statute of limitations of three years. 9. No excuse is alleged for not filing sooner the bill to open decree of the Probate Court. 10. Bill shows no ground for accounting by respondent to complainants."

Upon the submission of the cause upon the demurrers to the amended bill, the Chancellor rendered a decree overruling the demurrers. From this decree the respondent appeals, and assigns the rendition thereof as error.

THORNTON & INGE, for appellant.—A court of equity has original jurisdiction to open settlements of a guardian with his ward made in the Probate Court, but when application is made for that purpose, the same special grounds of equitable interference must be shown, as in cases of judgment at law.—*Waldrom v. Waldrom,* 76 Ala. 289; *Waring v. Lewis,* 53 Ala. 615; *Crumpler v. Deans,* 85 Ala. 149.

The Chancery Court has original jurisdiction concurrent with the Probate Court for the settlement of guardianship estates, though when the Probate Court has assumed jurisdiction, chancery will not interfere unless a want of diligence or mismanagement is shown on the part of the guardian.—*Lee v. Lee,* 55 Ala. 597; *Crumpler v. Deans,* 85 Ala. 149.

On reaching majority the ward has the legal right himself to settle the accounts of the guardianship with the guardian and by his release, discharge him from further liability.—15 Am. & Eng. Ency. Law (2d ed.), 87 and note 3; *Motley v. Motley,* 45 Ala. 555; *Vaughn v. Bibb,* 46 Ala. 153; *Mobley v. Leophart,* 47 Ala. 257; *Wise v. Norton,* 48 Ala. 214; *Satterfield v. John,* 53 Ala. 127.

A judgment or decree, by consent, is conclusive and a bill to review will not lie unless there is fraud in obtaining it.—*McDonald v. Pearson,* 114 Ala. 638, 640; 11 Am. & Eng. Ency. pp. 1027 and 1028.

A settlement in the Probate Court is a bar to proceeding in Chancery Court therefor, unless impeached on equitable grounds.—*Crumpler v. Deans,* 85 Ala. 149.

Judgments and decrees of the Probate Court possess equal dignity with judgments at law, and to open them on enquiry requires same ground as in cases of judgments at law: (1) Injury to complainant, (2) Absence of fault or neglect of duty complaining, (3) Special grounds of relief, as fraud, accident or mistake.—*Waldrom v. Waldrom,* 76 Ala. 285; *Gamble v. Jordan,* 54 Ala. 432; *Humphrey v. Burleson,* 72 Ala. 1; *Beade v.*

*Graham, Admr.* 66 Ala. 102; *Watts v. Frazier,* 80 Ala. 188; *Crumpler v. Dean,* 85 Ala. 149; *Knabe v. Rice,* 106 Ala. 518.

In the absence of any showing of fraud, a ward who for more than two years acquiesces in the final settlement of the guardian's account, is precluded from maintaining a bill to surcharge and falsify the same.—*High v. Snedicor,* 57 Ala. 403.

A bill for an accounting cannot be maintained when the complainant has apparently acquiesced in the claims of the defendant or has been guilty of laches or unnecessary delay in making his claim.—*Sherman v. Sherman,* 2 Ver. 276; *Parrott v. Palmer,* 3 My. and K. 623; *Baker v. Biddle,* Baldw. 394; *Goodson v. Goodson,* 140 Me. 206; *Osborne v. O'Reilly,* 43 N. J. Eq. 647; *Rayner v. Pearsal,* 3 Johns Chan. (N. Y.) 578.

A bill to impeach decree for fraud, though not within the terms of statute which bars a bill of review after a lapse of three years, must by analogy be governed by the same limitation.—*Gordon v. Ross,* 63 Ala. 363. A bill to impeach a final decree for fraud is commonly called an original bill in the nature of a bill of review.—*McDonald et als. v. Pearson,* 114 Ala. 630.

ERVIN & McALEER, *contra.*—The bill shows dealings between a guardian and wards by which the guardian gets a release from the ward which *he has prepared,* acknowledging a full settlement *when there had been no such settlement,* and the guardian then uses such release *to get himself discharged.* Under all the authorities we think the averments of the bill make a case.—*Voltz v. Voltz,* 75 Ala. 565; *Bains v. Bains,* 64 Ala. 383; *Ferguson v. Lowery,* 54 Ala. 512. Transactions between guardian and ward soon after ward comes of age will be set aside unless it is shown by the guardian that most abundant good faith on part of guardian was exercised and the ward was fully advised.—*Jackson v. Harris,* 66 Ala. 566; *Malone v. Kelly, et al.,* 54 Ala. 538; *Kyle v. Perdue,* 95 Ala. 585. In such cases it must be shown that the ward was apprised of her legal rights.—*Voltz v. Voltz,* 75 Ala. 566.

DOWDELL, J.—The bill in this case is filed by Mrs. Kate Rice *nee* Brasfield and her sister Sallie Brasfield against the appellant Byrd C. Willis to compel an accounting and settlement by him of his guardianship of their estate. The bill after amendment was demurred to, and from the decree of the chancellor overruling the demurrer the present appeal is prosecuted.

The bill shows that the respondent Willis was appointed guardian for the complainants, and as such had the management and control of their estates. When he became guardian, the complainants were both minors of tender years, and his guardianship continued throughout their minority, and until each respectively attained her majority. The bill further shows that a considerable amount of property, real and personal, belonging to the complainants, came into his hands, but for want of information from their guardian they were unable to definitely describe the property or to give the dates when he received the same. It is alleged that on April 10th, 1891, the said Willis made a partial settlement of his accounts as such guardian in the probate court of Mobile county, whereby it was then ascertained that he was indebted to the complainant, Kate Brasfield, in the sum of eighteen hundred and fifty-one and 06-100 ($1,851.06) dollars, and to the complainant, Sallie Brasfield, in the sum of nineteen hundred and fifty-two and 71-100 (1,952.71) dollars, since which time no account has ever been stated by their said guardian.

It is shown that subsequent to such partial settlement other property of complainants came into the hands of said Willis from different sources. The bill further charges that the respondent used complainant's money for his own account and benefit, lending out some, and with some, paying off mortgages on his own property. That he used three thousand two hundred and fifty ($3,250.00) dollars of complainant's money in the purchase of a house, and afterwards on June 7th, 1900, put on record in Mobile county deeds conveying this property to the complainants at a recited consideration of five thousand dollars, but that he continued to receive the rents from said property until April, 1901; that he

allowed the taxes to accumulate on said property. It
is also charged that as each of the complainants came of
age, or shortly thereafter, the said Willis induced them
to sign a paper prepared by himself reciting that he had
had a full settlement of his accounts with them, and it
is further averred that he used such papers to have him-
self discharged as such guardian by the probate court,
without any notice to the complainants. That in getting
each of them to sign such paper he took advantage of
their youth and inexperience, and of his influence over
them, he being their guardian, and their uncle by mar-
riage. The bill then avers, that no accounting in fact
was ever had with complainants, nor was any ever
had in the probate court. The bill further shows that
after signing such papers, the complainants repeatedly
tried to get a statement from the respondent, but that
he always put them off, or pretended to be hurt by their
lack of confidence in him. And not until some time in
the year 1901, and after he had been discharged by the
probate court, did he ever pretend to make to them a
statement. This paper is attached to and made a part
of the bill as exhibit "A". By it, it is shown in round
numbers, that he had as guardian received thirteen thou-
sand six hundred and sixty-six ($13,666.00) dollars, but
gives no dates. The credit side of this statement is
equally indefinite and unsatisfactory. It is charged that
further effort was made through the attorney of com-
plainants to obtain a more detailed statement from the
respondent, but he refused to give it.

The special prayer of the bill is for an accounting
and settlement by the respondent of his guardianship,
and for subrogation where he used complainant's money
to raise the mortgage from his own property. The bill
also contains a general prayer for relief.

The bill was demurred to on several grounds. A casual
reading of the bill is sufficient to show that the first and
second assignments of the demurrer,—that it affirmative-
ly appears that one accounting and settlement has been
had by the guardian,—is groundless in fact. It is dis-
tinctly charged that an accounting and settlement has
never been had. It is true it appears from the bill that

the respondent was discharged by the decree of the probate court as on a settlement, but it is shown by the bill in this connection, that such discharge was procured by the respondent without an accounting and settlement, and on a paper prepared by himself, which he influenced the complainants to sign, and which in fact was untrue in its statements.

That the chancery court has jurisdiction to compel the settlement of a guardianship is beyond question, and the present bill being for that purpose, on the facts stated, the court may and will, under the general prayer, in order to have such settlement, set aside the decree of the probate court discharging the guardian, when it is shown that the decree was procured by him through fraud or other improper conduct. There is no merit in the assignment that it is not shown how the respondent took advantage of the complainants in the matter of signing the paper acknowledging full settlement. His relation was one of greatest confidence and trust and called for the utmost of good faith. It was his duty to fully inform them of their rights in all respects. It charged that he took advantage of their youth and inexperience, and of his influence over them in getting them to sign the paper, which, they further charge, was untrue in its statements. This was sufficient. They were his wards, and from tender years had lived with him, and grown up under his care and control; and it requires no effort to understand how easily they might be influenced by him against their interests. The assignment that no injury is shown to have resulted to complainants by reason of the decree discharging the respondent, is equally without merit.

It appears from the bill that the alleged settlement by the respondent with the complainant, Mrs. Kate Rice, and his discharge as such guardian by the decree of the probate court of Mobile county, was more than four years before the filing of the bill. A bill to impeach a decree for fraud, though not within the terms of the statute which bars a bill of review after a lapse of three years, must by analogy be governed by the same limitations.—*Gordon's Admr. v. Ross,* 63 Ala. 363. No sufficient reasons are shown in the present bill to relieve it

from the bar of three years as to the complainant, Mrs. Rice, and the demurrer to the bill on this ground should have been sustained. But this is not the case as to the other complainant, Miss Sallie Brasfield. The alleged settlement with her, and discharge by decree of the probate court of the guardian occurred within three years of the filing of the bill. Nor is she chargeable with *laches* under the facts stated in the bill. The bill shows that after signing the said paper prepared by her said guardian, and under the circumstances averred, she repeatedly sought to have a statement of her account, and this within a reasonable time, which he refused to give. She furthermore endeavored to obtain a statement through her attorney, and failing in this, the present bill was filed. In all of this, we are unable to see that she was guilty of *laches*. In support of the views expressed in the foregoing opinion, see *Voltz v. Voltz,* 75 Ala. 565; *Baines v. Barnes,* 64 Ala. 383; *Jackson v. Harris,* 66 Ala. 566; *Malone v. Kelley, et al.,* 54 Ala. 538; *Kyle v. Perdue,* 95 Ala. 585.

It follows that the decree must be reversed, and a decree here rendered sustaining the demurrer, and with leave to the complainants to amend their bill.

Reversed and rendered.