ALBERT M. ENGLES, APPELLEE, V. HENRY MORGENSTERN, APPELLANT.

FILED SEPTEMBER 25, 1909.    No. 15,765.

1. **Action: PRACTICE.** "If a case ever arise in which an action for the enforcement or protection of a right, or the redress or prevention of a wrong, cannot be had under this code, the practice heretofore in use may be adopted so far as may be necessary to prevent a failure of justice." Code, sec. 901.

2. **Justice of the Peace: REVIEW.** The right to review final orders of justices of the peace and other inferior tribunals still exists, notwithstanding the repeal of section 584 of the code.

3. **Contract: VALIDITY.** Contract set forth in opinion *held* not to be void on its face as against public policy or as in violation of section 1, ch. 91a, Comp. St. 1901.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. *Affirmed.*

*E. B. Quackenbush,* for appellant.

*H. A. Lambert* and *C. O. French, contra.*

LETTON, J.

This action was brought in justice court for the rent of certain premises which had been used for a lumber yard. The defendant answered, admitting the allegations of the bill of particulars, but as a counterclaim set forth, in substance: That at the time of renting the premises he purchased from the plaintiff the business and stock of lumber in the yard; that the lease was for a term of five years, with an option for an additional five years, and that at the time of making the lease the defendant entered into the following agreement: "I, Henry Morgenstern, of Auburn, Nebraska, for and in consideration of the purchase of my stock of lumber and coal situated in Auburn, together with the good will of said business, do hereby agree with said A. M. Engles, that he the said Henry Morgenstern is not to again embark or engage, either

directly or indirectly, in the lumber and coal business in the city of Auburn, Nebraska, or in the vicinity thereof, while the said A. M. Engles or T. W. Engles is in said business in the city of Auburn, Nebraska. Provided, however, that if the said A. M. Engles should discontinue the lease of the Morgenstern lumber yard in Auburn, Nebraska, at the expiration of five years, then this contract is to be void, and the said Morgenstern shall have the right to re-enter said business in Auburn, Nebraska. Witness my hand this 11th day of October, 1900. (Signed.) H. Morgenstern. Witness: ———.'' That the agreement was broken by the plaintiff to the defendant's damage, concluding with a prayer for damages. The justice refused to admit this contract in evidence, dismissed the defendant's cross-bill of particulars, and rendered judgment for the plaintiff.

Defendant filed a petition in error, with a transcript of the proceedings before the justice of the peace, in the district court for the purpose of reviewing the justice's rulings upon the rejection of the contract. The plaintiff filed objections to the jurisdiction of the district court on the ground that there is now no authority of law for error proceedings from justice court to the district court. These objections were overruled, and a hearing had upon the petition in error. The court held that the justice erred in holding the contract void, and reversed the case, but retained it in the district court for trial as the statute provides. From this order the plaintiff has appealed.

1. The basis of plaintiff's contention as to lack of jurisdiction is that the legislature of 1905 repealed section 584 of the code (laws 1905, ch. 174), and thereby abolished the right of review of the judgments of justices of the peace by error proceedings. The argument is that the right given by section 580 to review judgments rendered or final orders made by a justice of the peace and other inferior tribunals is effective by the allowance of appeals, and that, there being now no code provisions governing the manner of prosecuting error from a justice court, the

manner of review must be by appeal alone, and the district court can have no jurisdiction of any proceedings in error. From an examination of all the sections of the code bearing upon the review by proceedings in error of final orders made by justices and other inferior tribunals, we find that the repeal of section 584 is the only change made by the legislature affecting such remedy. This section covered the proceedings both in the district and supreme courts, and provided for the filing of a petition in error. When in 1905 the change was made by which all civil cases brought for review to the supreme court must thereafter be brought in the form of appeals, and the formal "petition in error" was abolished in that court, the legislature evidently overlooked the fact that in this section was also embraced the manner of procedure applicable to proceedings in error brought to the district court. That this was an oversight is clear, for in no other respect was the right of review by error interfered with. See sections 599, 600 and 601 of the code. Indeed, it is a matter of legislative history that at its next session an act was passed to remedy the defect, but was vetoed by the governor during the closing rush. The right of review upon error exists now as it always has in this state since the adoption of the code, although the special form of procedure provided by section 584 has been abrogated.

Under our constitution the right to be heard in the court of last resort cannot be denied by the legislature. We have heretofore held that the right of appeal is a statutory right, which may be given or withheld as the legislature may deem best, provided always that in some other manner the recourse to a higher court is left. In *Moise v. Powell*, 40 Neb. 671, it is pointed out by Commissioner IRVINE that, while the statute provides that there shall be no appeals from justice court "in jury trials, where neither party claims in this bill of particulars a sum exceeding $20," the provision of section 24 of the bill of rights that "the right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise,

shall not be denied," permits a resort to this court by error proceedings, and that the statute forbidding appeals. in such cases is, therefore, not in violation of the constitution.

Section 901 of the code is, in part, as follows: "If a case ever arise in which an action for the enforcement or protection of a right, or the redress or prevention of a wrong, cannot be had under this code, the practice heretofore in use may be adopted so far as may be necessary to prevent a failure of justice." As we have seen, the right of review upon error exists. If, as the plaintiff contends, this right cannot be enforced under the code, we are of opinion that "the practice heretofore in use may be adopted so far as may be necessary to prevent a failure of justice." While the writ of *certiorari* has been abolished by the code, it would seem that the proceedings calling the attention of the reviewing court to errors alleged to have been committed by an inferior court have necessarily followed along the lines of the old application for the writ; in other words, the specific errors which are complained of have been presented to the reviewing court for its consideration by means of formal allegations set forth in an application or petition. 6 Cyc. 781, 783, 784. Under the code this has been done by a "petition in error." In the present case an exception was taken to the ruling of the justice of the peace upon the exclusion of the contract, the ruling and exception entered upon the docket, and a petition in error setting forth the error complained of was filed in the district court. This, we think, was sufficient to give the district court jurisdiction under the liberal provisions of the code when viewed in connection with the constitutional right to review all cases in this court.

2. The next point made is that the contract is illegal and void as being in restraint of trade, and in violation of section 1, ch. 91a, Comp. St. 1901, entitled "Trusts." The making of the contract is contended to be a violation of section 1 of this act. The title of the act is "An act to de-

fine trusts and conspiracies against trade and business, declaring the same unlawful and void, and providing means for the suppression of the same, and remedies for persons injured thereby," etc. Section 1 defines trusts, and, in part, sets forth: "That a trust is a combination of capital, skill or acts by * * * two or more persons, or by two or more of them for either, any or all of the following purposes: (1) To create or carry out restrictions in trade. * * * (3) To prevent competition in * * * sale or purchase of merchandise, produce or commodities, * * * (5) * * * with the intent to preclude, or the tendency of which is to prevent or preclude, a free and unrestricted competition among themselves or others or the people generally in the production, sale, traffic or transportation of any such article of merchandise, product or commodity, or conducting a like business." We think it clear from an examination of the title and the body of this act that it is directed against combinations and conspiracies to interfere with the ordinary conduct of trade and business, and that it is no part of its object to condemn or render illegal such contracts in partial restraint of trade as have for many years been held valid by the courts of England and America. The law upon this subject has in recent years received consideration at the hands of other courts, and we think it unnecessary to examine and set forth the cases in their choronological sequence or historical relations, but will content ourselves with reference to a few cases in which the subject has been dealt with and a like conclusion reached. *Downing v. Lewis,* 56 Neb. 386; *Hitchcock v. Anthony,* 28 C. C. A. 80; *Brett v. Ebel,* 29 App. Div. (N. Y.) 256; *Booth & Co. v. Davis,* 127 Fed. 875. This latter case involved the consideration of a Michigan statute substantially the same as the Nebraska law. It was held that the law had no application to a similar contract. See, also, *Davis v. Booth & Co.,* 131 Fed. 31; *Gates v. Hooper,* 90 Tex. 563, 39 S. W. 1079.

It is urged that, in the absence of allegation and proof

of facts showing the reasonableness of the restraint imposed by such a contract, it is *prima facie* void, and we are referred to the opinion in *Roberts v. Lemont,* 73 Neb. 365, as upholding this view, and as being in accordance with the great weight of authority. We think the holding in that case sound law, but it is contracts in restraint of trade "without any limitation as to time and place" which are so stigmatized, and not such as afford only a fair protection to the interest of a purchaser and do not show an injury to the public interest. *Horner v. Graves,* 7 Bing. (Eng.) *735. It is apparent from a consideration of the contract in this case that the partial restraint of trade was only collateral to the main contract, which was that of the purchase of the business and stock of lumber and coal, and the leasing of the real estate upon which the business was conducted, and the duration of the restraint is limited to the time during which A. M. Engles or T. W. Engles is engaged in the lumber and coal business in the city of Auburn, with the proviso that, if A. M. Engles discontinues the lease of the yard at the expiration of five years, it shall then be void. We see nothing unreasonable in this contract on its face. It is possible that there may be some extrinsic circumstances affecting the relations of T. W. Engles to the transaction or to the business which may affect its validity, but, nothing of this kind appearing upon its face, we think the authorities cited are not applicable. It is said in the brief that T. W. Engles is another independent lumber dealer in Auburn, and it is strenuously insisted that, because the contract contains his name as well as that of A. M. Engles, the purchaser, it shows upon its face unreasonable restrictions with reference to a person not a party to the sale. There is nothing in the record to disclose this fact, or to show whether it is material or relevant, and, since the point we are now considering is whether or not the district court was justified in holding that the justice erred in excluding this contract as evidence, it is unnecessary to consider whether or not the contract may upon a

full consideration and disclosure of all the surrounding circumstances be found by the court to be within the ban of the statute. On this phase of the case we adopt the words of the master of the rolls in *Haynes v. Doman* (1899), 2 Ch. Div. (Eng.) 13 : "The court ought not to hold a just and honest agreement void, even when to enforce it would be just, simply because the agreement is so unskillfully worded as apparently, or even really, to cover some conceivable case not within the mischief sought to be guarded against. Public policy does not require so serious a consequence to be attached to a mere want of accuracy in expression. To hold such an agreement wholly illegal and void is to lose all sense of proportion, and is not necessary for the protection either of the defendant or of the public." We think the contract should have been admitted in evidence, being properly within the issues raised by the defendant's cross-bill of particulars in that court.

Whatever the district court may in the light of all the surrounding circumstances eventually hold the purpose of the contract was, it was clearly right in finding that the justice court erred in its exclusion, and in reversing the judgment of that court and retaining the case for trial. We find no error in the judgment, and it is therefore

                                                      AFFIRMED.

REESE, C. J., absent and not sitting.