IN RE GUARDIANSHIP OF LOLA HILTON.

LOLA HILTON, APPELLEE, V. JOSIE NYBERG, APPELLANT.

FILED FEBRUARY 19, 1916. No. 18353.

1. County Courts: PROBATE JURISDICTION: ERROR. An error proceeding
   is available for the review of a final order made by the county court
   in the exercise of probate jurisdiction.

2. Guardian and Ward: DISCHARGE OF GUARDIAN: NEW TRIAL: FRAUD.
   The discharging of a guardian and the approving of a false, final
   account may be vacated on a petition for a new trial, where the
   order was based on a signed statement procured from the ward by
   the fraud of the guardian. Rev. St. 1913, sec. 8207.

APPEAL from the district court for Webster county:
HARRY S. DUNGAN, JUDGE. *Affirmed.*

*L. H. Blackledge* and *Bernard McNeny*, for appellant.

*W. F. Button, Stiner & Boslaugh,* and *J. S. Gilham,*
contra.

ROSE, J.

In the county court for Webster county plaintiff filed a
petition to obtain a new trial and to vacate an order ap-
proving the final account of, and discharging, her guar-
dian. Rev. St. 1913, sec. 8207. A demurrer to the peti-
tion was sustained and a new trial denied. After the
time for taking an appeal had expired, plaintiff filed in
the district court a petition in error to review the county
court's order sustaining the demurrer. Defendant inter-
posed objections to the jurisdiction of the district court
and also demurred to plaintiff's petition. Jurisdiction
was entertained and the demurrer was overruled. De-
fendant has appealed.

The first contention of defendant is that an error pro-
ceeding is not available to review a county court's order,
made in the exercise of probate jurisdiction. In principle,
this point is met by a former ruling to the contrary.

*Engles v. Morgenstern,* 85 Neb. 51. The fair import of that decision is that an error proceeding is available for the review of a final order of the county court, made in the exercise of probate jurisdiction, notwithstanding the repeal of section 584 of the Code.

Defendant insists that the petition fails to state facts constituting grounds for setting aside the order of the county court. Plaintiff, the ward, alleged that, within five days after she reached the age of eighteen years, defendant, the guardian, conducted her to the county court and caused her to sign the following statement:

"I am fully advised of the indebtedness of $266.95 charged against me in the report presented by my guardian of this date, and that the same is acknowledged to be just and satisfactory to me, and I hereby agree to make satisfactory settlement of the same, and ask that the said report may be allowed and the guardian discharged from further service in her said capacity as guardian."

The petition is not above criticism, but, considered as a whole, it fairly states facts showing that the statement quoted was false; that the ward, without knowledge of its import or time for investigation, signed it through the fraud of her guardian in whom she still reposed trust and confidence; that on the reverse side of the statement there appeared a purported final account of which the ward had no knowledge; that the order discharging the guardian and finding that her ward was indebted to her in the sum of $266.95 was based on the fraudulent statement; that the items composing the simulated indebtedness were not proper charges against the ward; that the guardian did not account for rents and profits arising from the ward's lands; that no itemized account of the guardian's receipts and expenditures was ever presented to the county court; that the guardian never made a complete disclosure of the amounts received by her, and that such amounts are unknown to the ward, but will be disclosed at the trial.

In re Hilton.

Considering the petition in its entirety in connection with the duties of the guardian and the confidential relation of the parties, the allegations should not be held insufficient, when tested by a general demurrer. A statutory ground for a new trial is "fraud practiced by the successful party in obtaining the judgment or order." Rev. St. 1913, sec. 8207. The following is a general rule:

"A guardian is bound to make full disclosure to the court of his transactions, and the law requires of him the exercise of the utmost good faith. He must not conceal any material fact, nor untruthfully represent any matter to the court." *Slauter v. Favorite,* 107 Ind. 291, 298.

In *Levi v. Longini,* 82 Minn. 324, it was said: "If the written consent and receipt were obtained by fraud, they were nullities, constituting not only a wrong upon the party injured, but they were an imposition upon the probate court also."

In *Willis v. Rice,* 141 Ala. 168, the opinion contains the following pertinent observations: "It is distinctly charged that an accounting and settlement has never been had. It is true it appears from the bill that the respondent was discharged by the decree of the probate court as on a settlement, but it is shown by the bill in this connection that such discharge was procured by the respondent without an accounting and settlement, and on a paper prepared by himself, which he influenced the complainants to sign, and which in fact was untrue in its statements. * * * There is no merit in the assignment that it is not shown how the respondent took advantage of the complainants in the matter of signing the paper acknowledging full settlement. His relation was one of greatest confidence and trust and called for the utmost of good faith. It was his duty to fully inform them of their rights in all respects. It charged that he took advantage of their youth and inexperience, and of his influence over them in getting them to sign the paper, which, they further charge, was untrue in its statements. This was sufficient. They were his wards, and from tender years had lived with him,

and grown up under his care and control; and it requires no effort to understand how easily they might be influenced by him against their interests."

The judgment of the trial court reflects the proper construction of the petition and the application of correct principles of law.

AFFIRMED.