IN RE ESTATE OF LEWIS R. BARLOW.
CORA D. LOOFE, APPELLANT, V. FERMON J. GRANT, ADMINISTRATOR, APPELLEE.

FILED NOVEMBER 13, 1934. No. 29034.

*C. S. Wortman* and *Dwyer & Dwyer*, for appellant.

*Halligan, Beatty & Halligan* and *Milton C. Murphy*, contra.

Heard before GOSS, C. J., ROSE, EBERLY, DAY and PAINE, JJ., and RAPER, District Judge.

ROSE, J.

In a proceeding in the county court of Cheyenne county, Fermon J. Grant was appointed administrator to settle the estate of Lewis R. Barlow, deceased, who left surviving him his widow, Cora D. Barlow, now Cora D. Loofe, George W. Barlow and Floyd D. Barlow, sons, and the following named daughters: Fern L. Grant, Florence I.

Barlow and Marian Ruth Barlow, the latter being the only minor.

In the course of the proceedings, a controversy arose between Cora D. Loofe and the administrator who contested delayed claims presented by her as follows: Unpaid widow's allowance, $500; necessary expenditures for the support of herself and the minor daughter, $353.44. She sought also for other relief. December 12, 1932, on motion of the administrator, the county court dismissed the petition for the allowance of these items on the ground that the controverted issue raised by them had been determined by a decree pronounced October 19, 1931, after due notice and a full hearing, but not entered on the journal. January 4, 1933, the county court signed the formal decree which had been pronounced October 19, 1931, and caused it to be journalized as of that date. As entered *nunc pro tunc*, the decree of October 19, 1931, ordered distribution of decedent's estate in the hands of the administrator among the heirs, and provided further:

"It is therefore ordered that said administrator, Fermon Grant, pay said Cora D. Barlow the sum of $20.72 in full settlement of the amounts due her by reason of any promissory note held by her against said estate, and in settlement of any widow's allowance or other claim which she may have against said estate at this time."

The decree of January 4, 1933, approved the final report of the administrator, discharged him as such and released his bondsmen. From that decree of the county court Cora D. Loofe and some of the other heirs appealed to the district court.

On motion of the administrator the appeal from the county court was dismissed as presenting no issue for decision, since, in the opinion of the district court, the controversy was determined in the county court December 12, 1932, by an order from which no appeal was taken and consequently was not open for consideration on appeal

from the judgment of January 4, 1933. From the district court's dismissal of the appeal from the county court, Cora D. Loofe alone appealed to the supreme court.

A motion to dismiss the appeal for want of necessary parties in the supreme court was submitted with arguments on the merits of the principal controversy. On the appeal from the district court Cora D. Loofe, formerly Cora D. Barlow, is the only appellant and Fermon J. Grant, administrator, is the only appellee. On the appeal from the county court Cora D. Loofe, Marian Ruth Barlow, Fern L. Grant and Florence I. Barlow were appellants and parties in the district court, but only one of them is a party to the appeal from the district court to the supreme court. All are interested in the estate of decedent and their rights would be affected by a judgment of reversal herein. It is argued by the only appellant that the other heirs are not necessary parties, because the administrator, who is a party, represents them. The heirs who are not parties to this appeal were in a litigable controversy with the administrator and in that situation he does not represent them. *In re Estate of Rhea,* 126 Neb. 571. The record presents a typical case for the application of the following rule:

"All parties to a cause tried in the district court who may be affected by the modification or reversal of the judgment must be made parties in the proceedings to review the said cause in the supreme court." *Barkley v. Schaaf,* 110 Neb. 223; *Reilly v. Merten,* 125 Neb. 558.

APPEAL DISMISSED.