IN RE ESTATE OF OLLIE E. BERG.
GERTRUDE BERG, APPELLANT, V. EINAR BERG, APPELLEE.
296 N. W. 460
FILED FEBRUARY 21, 1941. No. 30919.

*Dorsey & Baldrige,* for appellant.

*Reed, Ramacciotti, Robinson & Hruska, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE and MESSMORE, JJ., and ELDRED, District Judge.

ELDRED, District Judge.

Ollie E. Berg died July 27, 1937, leaving a will which was admitted to probate. He left surviving his widow, Gertrude Berg, appellant herein, but no children. Certain provisions were made by the will for the widow of the deceased, a number of comparatively small bequests were made to other parties not involved herein, but the larger portion of the estate was left to Einar Berg, a nephew, appellee herein, including a store operated by decedent under the trade-name of Berg Clothing Company, together with the bank account connected therewith. The estate involved property of more than $300,000 in value. The appellant, Gertrude Berg, the widow, filed her election to take under the statute rather than under the will. The store was operated by the executor, the Omaha National Bank, under the order of the court, pending the settlement of the estate and until it was closed by the final decree February 28, 1939; and a net profit of $14,490.31 was realized therefrom during that period, said sum being the only item involved in this proceeding.

The county court, by its final decree, found that Einar Berg, appellee, was entitled to all of such profits and ordered that the same be paid to him by the executor, the Omaha National Bank. The widow, Gertrude Berg, appellant, claims that she is entitled to one-half thereof. March 8, 1939, after the rendition of the final decree, Gertrude Berg asked the county court to fix the amount of the appeal bond as provided by statute (Comp. St. 1929, sec. 30-1603) and the amount of such bond was fixed by the county court on the 9th day of March, 1939. No appeal bond was given within the 30 days provided by the statute above cited, or at any time.

On the 15th day of May, 1939, Gertrude Berg, as plaintiff

in error, filed in the district court for Douglas county her petition in error under the provisions of section 20-1903, Comp. St. 1929, against Einar Berg, defendant in error, from the final order made February 28, 1939, by the county court of Douglas county, in the matter of the estate of Ollie E. Berg, deceased. The executor of the will of Ollie E. Berg was not made a party to said error proceedings; nor was any one made a party defendant in error other than Einar Berg. On the 19th day of June, 1939, Einar Berg filed in the district court motion to dismiss such error proceedings for lack of necessary parties thereto, and on the same day filed a special appearance objecting to the jurisdiction of the court over the subject-matter and his person. November 13, 1939, the district court sustained the special appearance of Einar Berg and motion to dismiss the error proceedings for the reasons: (1) That the only method to review a county court's final decree in estate matters is by appeal as provided by sections 30-1601 to 30-1607, Comp. St. 1929, and Gertrude Berg did not take proper steps in accordance therewith; and (2) there is a lack of necessary parties or party in the proceedings brought by her, for which reasons she is not entitled to a review of the county court's order.

From the judgment of the district court Gertrude Berg has appealed.

While some other questions are raised and discussed in briefs of counsel, consisting of more than 200 pages, the only assignments of error in appellant's brief are:

"(1) The court below erred in holding that appellant, in order to obtain a review by the district court of the order of the county court in question, was required to proceed in accordance with sections 30-1601 to 30-1607, Comp. St. 1929, rather than under the provisions of sections 20-1901 to 20-1908, Comp. St. 1929, in conformity with which her proceedings in the court below were prosecuted.

"(2) The court below erred in holding that there was any lack of necessary parties or party in the proceedings instituted and prosecuted by appellant."

If it should be determined that the action of the trial court may be sustained on either of the grounds set forth in its findings and order of dismissal, its decision should be affirmed.

It is not contended that appellant made any attempt to secure a review of the judgment of the county court by appeal under the provisions of article 16, ch. 30, Comp. St. 1929, other than to have the amount of an appeal bond fixed by the county judge. But it is contended that, notwithstanding the enactment of the statute providing for appeals from final orders of the county court in probate matters (Comp. St. 1929, secs. 30-1601 *et seq.*), the jurisdiction of the district court to review such orders by proceedings in error (Comp. St. 1929, secs. 20-1901 to 20-1904) remains unimpaired; that proceedings under last designated statute are available when supersedeas is not required or desired.

Appellant cites *Rogers v. Redick*, 10 Neb. 332, 6 N. W. 413 (decided 1880). It is there held that an order of county court may be reviewed on error in the district court. But, in 1905 section 584 of the Civil Code (being same as present section 20-1903, Comp. St. 1929), providing procedure for review by petition in error, was repealed (Laws 1905, ch. 174). Appellant further cites *Engles v. Morgenstern* (1909) 85 Neb. 51, 122 N. W. 688. While that was not a case arising within the probate jurisdiction of the county court, but a civil suit for money judgment, instituted before a justice of the peace, the court considered the section involved herein and in paragraph 2 of the syllabus states:

"The right to review final orders of justices of the peace and other inferior tribunals still exists, notwithstanding the repeal of section 584 of the Code."

It further states in the opinion: "This section covered the proceedings both in the district and supreme courts, and provided for the filing of a petition in error. When in 1905 the change was made by which all civil cases brought for review to the supreme court must thereafter be brought

in the form of appeals, and the formal 'petition in error' was abolished in that court, the legislature evidently overlooked the fact that in this section was also embraced the manner of procedure applicable to proceedings in error brought to the district court. That this was an oversight is clear, for in no other respect was the right of review by error interfered with. See sections 599, 600 and 601 of the Code. Indeed, it is a matter of legislative history that at its next session an act was passed to remedy the defect, but was vetoed by the governor during the closing rush. The right of review upon error exists now as it always has in this state since the adoption of the Code, although the special form of procedure provided by section 584 has been abrogated."

In the case of *In re Hilton* (1916) 99 Neb. 387, 156 N. W. 659, the question as to the right to maintain an error proceeding from a final order of the county court in the exercise of probate jurisdiction was directly involved, and the opinion refers to *Engles v. Morgenstern, supra,* and states:

"The fair import of that decision is that an error proceeding is available for the review of a final order of the county court, made in the exercise of probate jurisdiction, notwithstanding the repeal of section 584 of the Code."

But no further consideration appears to have been given therein to that question.

In view of these holdings it would seem that this court, while recognizing that section 584, Civil Code, was repealed, has held that right of review upon error still exists, although the special form of procedure specified in said section was abrogated. The question now presented is: Was said section reenacted when it was included as section 8177, Rev. St. 1913 (Comp. St. 1929, sec. 20-1903)?

It is urged that, by including section 584 of Code in Revised Statutes 1913 as section 8177, that section was reenacted on the adoption of the report of the commission appointed to revise the statute. The statutory revision was authorized by chapter 166, Laws 1911. That act authorizes the commission to "bring together all statutes and parts of

statutes relating to the same subject-matter, omitting obsolete or repealed matter * * * but such commissioners shall have no authority to make any change in any act or part of any act which may have the effect of giving a different construction thereto from that which may have been given by the courts of this state." While such a change as was made by including the section here involved may not have been contemplated by the legislature when they appointed the commissioners to revise the statute, yet the action on the part of the commissioners in including said section in their report might have been justified, if that were necessary, on the theory that, by including that section; they did not make any change in the law governing the right of review upon error that would give the statute a different construction than had been given it by the court in *Engles v. Morgenstern, supra.* However, the action of the commissioners as prepared and reported to the legislature was adopted and approved February 14, 1913 (Laws 1913, ch. 3), said act providing:

"That the Code of Laws embodying the General Statutes, the Code of Civil Procedure and the Code of Criminal Procedure of the State of Nebraska, *as prepared and reported* to the Thirty-third General Assembly of the Legislature of Nebraska by A. M. Post, J. H. Broady, and E. L. King, pursuant to the authority of Chapter 166 of the Laws of 1911, be, and the same is hereby adopted, approved and made of force as the Revised Statutes of the State of Nebraska of 1913." (Italics supplied.)

There is no suggestion that there was any irregularity in the passage or approval of said chapter 3, Laws 1913.

By chapter 241, Laws 1913, said statutes were ordered published; section 2 of that act providing:

"The Revised Statutes shall be published in the same form and on the same plan of arrangement as the report of the commission for the revision of the laws *as contained in the report thereof* to the thirty-third session of the legislature and shall contain the matter of such report with all acts of a general nature enacted by the thirty-third session of the legislature * * *." (Italics supplied.)

Though the report included matter the commissioners were not specifically authorized to include, the formal adoption and approval of the report of the commissioners, embodying section 8177, by the legislative enactment of chapter 3, Laws 1913, was as much an expression of legislative will, as to what it should contain, as was the expression in the Act of 1911, and a later expression thereof. *Leggett v. Wardenburg,* 53 Ariz. 105, 85 Pac. (2d) 989; *State v. Davis,* 116 Kan. 211, 225 Pac. 1064; *State v. Davis,* 116 Kan. 663, 229 Pac. 757; *Chumbley v. Peoples Bank & Trust Co.,* 166 Tenn. 35, 60 S. W. (2d) 164.

"The vital question is not what the commission had authority to do, but what the Legislature intended to do with the commission's work, and such intention can only be gathered from what the Legislature itself declared when it finally passed upon the work submitted to it by the commission." *County of Washington v. Gates,* 108 Vt. 117, 183 Atl. 506.

The fact that the section in question may have been inserted by the commissioners in their report without specific authority is not material. The approval and adoption of their report by the legislature with such section included therein made such section the law. *Herndon v. State,* 16 Okla. Cr. 586, 185 Pac. 701; *Barnett v. Barnett,* 158 Okla. 270, 13 Pac. (2d) 104. Such section became the law from the time of the adoption of the Revised Statutes of 1913. *American Indemnity Co. v. City of Austin,* 112 Tex. 239, 246 S. W. 1019. Under such circumstances it was unimportant whether the commissioners were authorized to revise the law by adding new provisions. *Klingensmith v. Siegal,* 57 N. Dak. 768, 224 N. W. 680; *Brady v. Cooper,* 46 S. Dak. 419, 193 N. W. 246. The enactment by the legislature of the Revised Statutes in 1913 gave force and effect to every provision therein the same as if single chapter had been enacted making changes by adding section. *State Tax Commission v. Backman,* 88 Utah, 424, 55 Pac. (2d) 171.

While the authorities cited by appellee, *State v. Nolte,*

187 S. W. (Mo. App.) 896, and *State v. Nolte*, 203 S. W. (Mo.) 956, also *State v. American Bank & Trust Co.*, 75 Mont. 369, 243 Pac. 1093, may tend to support a contrary view, yet, after giving them careful consideration, we conclude they are not controlling in this case.

Since the adoption of Revised Statutes 1913, section 8177 thereof (Comp. St. 1929, sec. 20-1903) has been in force, and provides effective procedure for review by the district court through proceedings in error of a final order made by the county court in the exercise of probate jurisdiction.

The contention of appellee that sections 30-1601 *et seq.*, Comp. St. 1929, provide an adequate remedy by appeal to the district court from final orders of the county court in the exercise of probate jurisdiction would seem to be true, but the remedy provided is not exclusive.

The remaining question is: Did the district court err in holding that there was a lack of necessary party or parties to the error proceedings filed by Gertrude Berg in the district court to entitle her to a review by that court of final order of the county court dated February 28, 1939?

The order complained of directed the executor to pay to Einar Berg the sum of $14,490.31, profits earned by the Berg Clothing Company during the period it was operated by the executor, to one-half of which Gertrude Berg, plaintiff in error, claims to have been entitled. The executor, the one ordered to do the paying, was not only a party to the judgment or order, but was an "adverse party" under the statute. It was not made a party to the error proceedings in any manner. Einar Berg, from the records, appears to have been the only party upon whom summons in error was served. The statute provides for service of summons in error on "adverse party." Comp. St. 1929, sec. 20-1903.

Appellant in her brief states that, "When the petition in error was filed on May 15, 1939, the executor had already turned over the profits to Einar Berg who was the only person other than Gertrude Berg who could have any conceivable interest therein. The estate, as such, was not interested, and, since the order was not superseded, the

executor, who acted in obedience to it in paying over the profits, was exonerated and had no further interest;" and contends for that reason that the executor was not a necessary party. But, we are not referred to any place in the transcript of the county court filed with the petition in error where there is any record as to whether a supersedeas bond was filed in the error proceedings or as to whether the executor may have paid to Einar Berg any portion of the profits realized from the operation of the Berg Clothing Company. The petition in error recites:

"IX. As the result of the orders of said county court hereinbefore referred to, the said Einar Berg has received from said executor the sum of $14,490.31, being the whole amount of the profits of said store as aforesaid, of which one-half ($\frac{1}{2}$), or $7,245.15 should have been awarded and paid over to plaintiff in error, and, by reason of said guardian *ad litem's* fee allowed as aforesaid, has received $75 out of the money of said estate to which plaintiff in error is lawfully entitled, making, in all, the sum of $7,320.15 of money justly belonging to plaintiff in error which has been turned over by said executor to, and received by, said Einar Berg."

The transcript of proceedings in the county court filed in the district court with the petition in error does not show that said sum of $7,320.15 "has been turned over by said executor to, and received by, said Einar Berg." In an error proceeding in the district court, that court must look to the transcript of the proceedings of the county court filed with the petition in error to ascertain what happened there. The transcript filed with petition in error closes with final order of distribution. A supplemental transcript was filed which discloses that the appellant, Gertrude Berg, had received the amount due her under terms of final distribution, but does not disclose that Einar Berg had been paid by the executor the fund involved herein. Further, there is no showing by the record whether supersedeas bond in the error proceeding may or may not have been filed in the district court under the provisions of the statute providing

for the review by petition in error in a case of this kind. Comp. St. 1929, secs. 20-1907, 20-1908.

There is no reason for any difference in the requirements as to who are necessary parties in the proceedings for review filed in the supreme court from judgment of the district court, as distinguished from a proceeding for review by district court from final order of county court. The case of *Barkley v. Schaaf,* 110 Neb. 223, 193 N. W. 267, is analogous to this case in principle. There suit was brought by Barkley as receiver of Nebraska Hotel Company against Schaaf and wife and National Bank of Commerce, claiming that a fund of $6,000 in said bank, represented by certificate of deposit issued to Gertrude A. Schaaf, was the property of Nebraska Hotel Company. The court found that neither Schaaf nor his wife had any interest in the fund, but that it was the property of the hotel company, and the bank was ordered to pay it into court to be applied to a judgment against the hotel company. Schaaf and wife appealed, but brought no other parties to action into court on the appeal save Barkley as receiver. The National Bank of Commerce was held to be an interested party, and appeal was dismissed for failure to make said bank a party thereto. The court in disposing of the case announced the rule:

"All parties to a cause tried in the district court who may be affected by the modification or reversal of the judgment must be made parties in the proceedings to review the said cause in the supreme court."

This holding has been repeatedly followed. *Donisthorpe v. Vavra,* 134 Neb. 157, 278 N. W. 151; *Bliss v. Farmers Grain & Stock Co.,* 127 Neb. 147, 254 N. W. 725; *In re Estate of Barlow,* 127 Neb. 810, 257 N. W. 71; *Reilly v. Merten,* 125 Neb. 558, 251 N. W. 114; *Curten v. Atkinson,* 29 Neb. 612, 46 N. W. 91.

Appellant cites *In re Estate of Jones,* 83 Neb. 841, 120 N. W. 439, in support of contention that Einar Berg was only necessary party to error proceedings. That was an appeal from the county court to the district court for trial *de novo.* This case is "petition in error" from county court to dis-

trict court for hearing on transcript of the record of the lower court, filed with the petition in error. In that case the sufficiency of the bond to supersede judgment appealed from was challenged on issue formed by supplemental pleadings in the district court, on the appeal, and was held insufficient. Here there is no showing as to bond or want of bond to supersede judgment. On the appeal the court held that a party may plead and prove any facts arising since trial in county court which show that adverse party is not entitled to relief sought. In the instant case on error, showing of facts arising since proceedings in the county court, of which complaint is made, for the purpose of establishing adverse party not entitled to relief sought, was not attempted, nor permissible; case being heard on record made in lower court. On account of the marked distinction in the facts involved and the proceedings followed in the two cases, that case cannot be held decisive of the issues for determination in this case. It appearing that the executor of the will had an interest that might be affected by a modification or reversal of the final order of the county court, it was a necessary party. There being lack of a necessary party to the error proceedings filed in the district court, that court acquired no such jurisdiction of the subject-matter as would authorize a vacation or modification of the order of the county court, and the motion to dismiss such error proceedings was properly sustained. Judgment of the district court

AFFIRMED.