No. 85-441

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

GALLATIN COUNTY, STATE OF MONTANA,
by and through its BOARD OF COUNTY
COMMISSIONERS, Joy I. Nash, Chairman,
Wilbur Visser, and Jane Jelinski, Members,

        Plaintiff and Respondent,

-vs-

RICHARD McCLUE,

        Defendant, Third Party Plaintiff
        and Appellant,

-vs-

GARY W. PRINGLE, as Clerk and Recorder
of Gallatin County, Montana and as
Election Administrator,

        Third Party Defendant and Respondent.

---

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Mark Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Nash, Wellcome, Frost, Guenther & Zimmer; Page
        Wellcome argued, Bozeman, Montana

    For Respondent:

        A. Michael Salvagni, County Attorney, Bozeman,
        Montana
        Thomas R. Anacker argued, Deputy County Attorney, Bozeman

---

Submitted: April 21, 1986

Decided: June 25, 1986

Filed: JUN 25 1986

_Ethel M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appellant, Richard McClue, appeals from the order of the District Court, Eighteenth Judicial District, County of Gallatin, enjoining him from taking the office of Gallatin County surveyor, dismissing his counterclaim for writ of mandamus and petition for writ of mandamus, declaring the office of Gallatin County surveyor vacant, and awarding respondents their costs and attorney fees for their defense of the counterclaim for writ of mandamus.

On November 6, 1984, a general election was held in Gallatin County, Montana. The office of county surveyor was listed on the ballot, but there were no candidates listed for the surveyor office. McClue received the highest number of write-in votes for the office of county surveyor. On November 21, 1984, the Board of County Canvassers certified McClue as the person having the highest number of votes for the office.

On November 23, 1984, Gary Pringle, the Gallatin County Clerk and Recorder and election administrator, orally notified McClue of the results of the election. On November 26, 1984, Pringle issued a certificate of election to McClue and later delivered the certificate of election to him.

On December 31, 1984, respondent, Gallatin County Board of County Commissioners, filed a complaint for permanent injunction against McClue. A temporary restraining order and order to show cause were issued restraining McClue from taking the oath of office and taking the office of Gallatin County surveyor. On January 4, 1985, a show cause hearing on the temporary restraining order was held in open court.

After the hearing, the District Court issued an order granting a preliminary injunction.

On April 29, 1985, a hearing was held on McClue's writ of mandamus. McClue testified at the hearing that he was a resident of Bozeman, Montana, and a seismic surveyor. He also testified that he is not a licensed professional engineer, but that he had served in the U.S. Army for three years as a surveyor and did construction and topographic surveying. McClue also spent eight months surveying with the Montana Highway Department and a year and a half with Sage Engineers in Billings doing general surveying work including subdivisions. For the three and a half years prior to his election he had been involved in oil exploration. McClue detailed his education as five months pre-engineering in Billings and a Bachelor of Science degree in mechanical engineering technology from Montana State University. The record of this case also discloses that at least ten other county surveyors currently holding office do not meet the qualifications of § 7-4-2801, MCA.

Prior to being amended in 1985, § 7-4-2801, MCA (1983) provided for the qualifications for the office of county surveyor as follows:

[1]    A county surveyor shall be a professional engineer, not less than 22 years of age, who shall have been in active practice of his profession for at least 3 years and who shall have had responsible charge of work as a principal or assistant for at least one year. Graduation from a school of engineering shall be considered as equivalent to 2 years of active practice.

The District Court found McClue was not a professional engineer and had not been duly registered and licensed as a professional engineer by the Board of Professional Engineers and Land Surveyors for the State of Montana. The District

Court also determined that § 7-4-2801, MCA, is constitutional under the 1972 Montana Constitution. Accordingly, the District Court enjoined McClue from taking office, dismissed his petition for writ of mandamus, ordered the office of Gallatin County surveyor vacant, and awarded costs and attorney fees to Gallatin County and Gary Pringle.

McClue raises one issue for our review: whether the District Court was correct in concluding that McClue, the person duly elected as county surveyor of Gallatin County, is prevented from holding the office because he is not a licensed professional engineer in Montana.

McClue contends that § 7-4-2801, MCA, which was enacted by the Montana legislature as § 1, Ch. 50, Laws of Montana (1919) and re-enacted as § 4835, RCM (1921), § 4835, RCM (1935), and § 16-3301, RCM (1947), is unconstitutional under the 1889 Montana Constitution, Art. IX, § 11. Gallatin County, however, contends that § 7-4-2801, MCA is constitutional both under the provisions of our 1889 Constitution as amended and the 1972 Montana Constitution. To understand the parties' respective arguments, a history of the pertinent constitutional and statutory provisions is necessary.

Art. IX, § 11, of the 1889 Montana Constitution provided:

> Any person qualified to vote at general elections and for state officers in this state, shall be eligible to any office therein except as otherwise provided in this constitution, and subject to such additional qualifications as may be prescribed by the legislative assembly for city offices and offices hereafter created.

The office of county surveyor was created as a constitutional office in the 1889 Montana Constitution which provided in Art. XVI, § 5 as follows: "There shall be

- 4 -

elected in each county the following officers . . . one county surveyor;. . ." In 1919, the Montana legislature enacted § 1, Ch. 50, Laws of Montana (1919), which was the predecessor to § 7-4-2801, MCA. The statute remained unchanged in our codes until the legislature amended it in 1985. Section 7-4-2801, MCA, clearly provides for additional qualifications for the office of county surveyor that are not provided for in the 1889 Constitution.

In 1935, an opinion of the Montana Attorney General was issued which found section 4835, RCM (1921), a predecessor to § 7-4-2801, MCA, to be unconstitutional because it required additional qualifications for the office of county surveyor which were not required by the 1889 Constitution. The opinion provides:

> Since the amendment of Section 10 of Article IX of the constitution in November, 1924, Section II of the same Article, so far as applicable here, is to the effect that any person qualified to vote at general elections and for state officers shall be eligible to any of the offices mentioned above except that of county superintendent of schools. Section 2 of Article IX of the constitution, as amended in November, 1932, prescribes the qualifications necessary to entitle a person to vote at general elections and for state officers, as follows: He must be of the age of twenty-one years or over; a citizen of the United States; a resident of the state for one year immediately preceding the election at which he offers to vote, and of the town, county or precinct for such time as the law might lay down.
>
> The constitution having prescribed the qualifications required of a county surveyor, the legislature was without power to supplement the constitutional pronouncement by such legislation as Section 4835, supra.

16 A.G. Op. 194 (1935).

In addition, McClue cites the court to two other Montana cases that stand for the proposition that statutes which require additional qualification for an office which are not required by the constitution are unconstitutional. See State

- 5 -

ex rel. Palagi v. Regan (1942), 113 Mont. 343, 355, 126 P.2d 818, 825; State ex rel. Chenoweth v. Acton (1904), 31 Mont. 37, 43, 77 P. 299, 301-02.

In 1937, at the next session of the Montana legislature following the above-cited Attorney General's opinion, a bill was passed which provided for a proposed amendment to Art. XVI, § 5 of the 1889 Montana Constitution. Ch. 93, Laws of Montana (1937). This bill was approved by the legislature on March 12, 1937, and was adopted at the November 8, 1938 general election and became effective under Governor's Proclamation of December 2, 1938. Following the amendment, Art. XVI, § 5 provided in pertinent part as follows:

> There shall be elected in each county the following county officers who shall possess the qualifications for suffrage prescribed by Section 2 of Article IX of this Constitution and such other qualifications as may be prescribed by law:
>
> . . . one county surveyor;. . . .. (Emphasis added.)

The clear intent of the constitutional amendment was to do away with the constitutional infirmity discussed in the Attorney General's Opinion in 1935.

Finally, with the adoption of the 1972 Montana Constitution, Art. XVI, § 5 was replaced by Art. XI, § 3, of the 1972 Montana Constitution, which provides:

> (2) One optional form of county government includes, but is not limited to, the election of . . . a surveyor,. . . .. The terms, qualifications, duties, and compensation of those offices shall be provided by law. (Emphasis added.)

Both parties agree that if the constitutionality of § 7-4-2801, MCA, is tested under the 1889 Montana Constitution prior to the 1938 amendment thereto it is unconstitutional. Both parties, however, also agree that if the constitutionality of § 7-4-2801, MCA, is tested under the 1889 Montana Constitution as amended in 1938 or the 1972

- 6 -

Montana Constitution, the statute is constitutional. Thus, the question is which constitutional provision controls.

Both parties agree that the constitutionality of a statute should be tested by the constitution which was in force when the law was enacted. State ex rel. Woodahl v. Straub (1974), 164 Mont. 141, 146, 520 P.2d 776, 779. Gallatin County contends and the District Court agreed, that the constitution in effect when § 7-4-2801, MCA was enacted was the 1972 Montana Constitution. Gallatin County argues that the re-enactment and adoption of § 7-4-2801, MCA in the 1947 and 1979 recodification process by the legislature served as separate enactments of the statute, thus requiring that § 16-3301, RCM (1947) be tested against the 1889 Constitution as amended and that § 7-4-2801, MCA be tested against the 1972 Constitution. Section 12-330, RCM (1947) provided:

> The Revised Codes of Montana, 1947 . . . are hereby, as to both form and substance, approved, legalized and adopted as the laws of Montana now in force and effect and the same are hereby declared to constitute the laws of Montana now in force and effect . . . ..

Section 1-11-103, MCA, provides:

> (1) The Montana Code Annotated shall be enacted as a reenactment of the Revised Codes of Montana, 1947, and the supplements thereto.
>
> . . .
>
> (3) The Montana Code Annotated shall be given effect as a continuation of the Revised Codes of Montana and not as a new enactment.. . . (Emphasis added.)

Gallatin County cites this Court to a number of cases that stand for the proposition that each recodification of our code should serve as a separate enactment or re-enactment of the statutes included therein. See, Atlas Life Insurance

- 7 -

Company v. Rose (Okla. 1946), 166 P.2d 1011; In Re Berg's Estate (Neb. 1941), 296 N.W. 460.

McClue contends that the constitution in effect when the predecessor of § 7-4-2801, MCA was enacted in 1919 was the 1889 Constitution and that the subsequent constitutional changes in 1938 and 1972 have no effect. McClue is correct that a statute unconstitutional when it takes effect is not resurrected by a subsequent constitutional change. State ex rel. Woodahl v. District Court (1973), 162 Mont. 283, 511 P.2d 318. It is also true that the test of a statute's constitutionality is to be made at the time it takes effect and is to be made against the constitution as it exists at the time the statute takes effect. State ex rel. Woodahl v. Straub, 164 Mont. at 146, 520 P.2d at 779.

The recodification of our code is merely a ministerial and administrative function performed by the code commissioner under the authority of the legislature. For us to hold that the legislature intended to remove the constitutional infirmity in this statute pursuant to the 1947 and 1979 recodifications would be to give a meaning to this process which was never intended by the legislature. The reality of this case is that the predecessor of § 7-4-2801, MCA was enacted in 1919 and was unconstitutional under Art. IX, § 11 of our constitution as it then existed. The District Court denied McClue his right to hold office based upon a statute that was unconstitutional in its inception, and that had not been properly re-enacted under the 1972 Constitution at the time McClue was elected.

We reverse and remand this case to the District Court with instructions to issue McClue's writ of mandamus and to award him costs and reasonable attorney fees.

We reverse and remand.

_____
John C. Sheehy
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices