EMIL NATHAN ET AL. *v.* ROBERT E. HALSELL.

## [45 South., 856.]

1. ATTORNEY AND CLIENT. *Fees. Contracts.*

Where an attorney fixed the fee he would charge for collecting money, he cannot afterwards predicate a greater charge of the fact that more labor was required to effect the collection than he had anticipated.

2. SAME. *Compromise by attorney. Liability to client.*

The proceeds of an unauthorized compromise of his client's debt cannot be returned by an attorney to the debtor because the client objected only to the *quantum* of his fee.

FROM the circuit court of, second district, Jones county.

HON. ROBERT L. BULLARD, Judge.

Emil Nathan and another, co-partners, appellants, were plaintiffs in the court below; Halsell, appellee, was defendant there. From a judgment in defendant's favor, predicated of a peremptory instruction, the plaintiffs appealed to the supreme court.

The opinion of the court states the facts.

*Pack & Montgomery,* for appellants.

In this case the appellants employed appellee as their attorney to collect a claim due them, sending the appellee a written offer of a stated fee in the matter, which offer was in no way changed until after the money due on the claim was collected by appellee. The appellee reduced the claim to judgment and then compromised it, collecting a smaller amount than was called for under the judgment, then took out all expenses and one-half of the balance of amount collected, as his fee, and remitted the remainder to appellants; and when appellants refused to accept this pittance appellee denied them the right to collect any-

91 Miss.—50

thing. Appellants, under the circumstances, surely have a remedy against appellee. For they now have no claim against the original debtor against whom the judgment was taken, as the judgment has been satisfied by the appellee as their representative at the time; and moreover, the appellee has further released the original debtor by executing to such debtor a receipt in full of appellants' claim. Furthermore, the appellants have ratified appellee's action in compromising the claim in so far as the original debtor is concerned, by bringing suit against appellee for the money collected by appellee, less his contract fee, thereby showing that they recognize the judgment and release as valid and binding upon them. Accordingly since the appellants' claim cannot now be against the original debtor, it must be against appellee, the one who admittedly received the money for appellants, and who bound appellants from proceeding against the original debtor.

Even if the appellants did not ratify the action of appellee in compromising the claim, they are nevertheless damaged by appellee's misconduct in offering to accept, and accepting, an authorized compromise settlement and in binding appellants thereto.

Appellee admits receiving the written contract sent with the account, allowing him ten per centum on amount of claim, when collected, as his fee. He admits the compromise of the claim and release of the judgment. Nowhere did he seek to change the proposition as to allowance of fee for his services until the money was in his hands, when, for the first time, he made known his demand for fifty per centum of amount collected. Under the circumstances, he is bound to a fee basis of only ten per centum. As above stated, there is also the judgment of record in favor of appellants against the original debtor, which, according to appellee's written statement to appellants made while he was their attorney, appellee himself cancelled. This judgment and its cancellation preclude any further action by appellants against the original debtor. 16 Cyc., 680. Hence,

for this additional reason, appellee should be held liable to appellants. *Simon v. Brown,* 56 Miss., 83.

The court below granted a peremptory instruction in favor of appellee on the theory that the appellants had never ratified the action of appellee in compromising the judgment. This was manifestly erroneous, for the courts have uniformly held that a suit by a principal against an agent for money collected by the agent in the business of the principal ratifies the agent's action in collecting it, even though it be a smaller amount that the agent was authorized to accept. Lawson on Contracts, 179; Story on Agency, § 259; Mechem on Agency, § 151.

The appellee, Halsell, as attorney was special or official agent for appellants, hence the law of agency, cited above, applies in this case. *Robinson* v. *Murphy,* 69 Ala., 543; *Shattuck* v. *Bille,* 7 N. E. Rep., 39.

Once the proceeds of the collection were in his hands, appellee had no authority to return the same, for, without express instruction, an attorney is not authorized to dispose of his client's money in any way other than turning it over to his client. Therefore, even though the appellee returned the money he had collected on the claim back to the original debtor, he remains liable therefor to the appellants. There is now no privity between appellants and the original debtor, as he has been released by the act of appellants' authorized attorney for a consideration, and as appellants are estopped by the action of appellee as their attorney in giving a receipt to the original debtor in full of the claim. 4 Cyc., 944.

Even if appellants had not ratified appellee's action in taking the money and cancelling the judgment, they would nevertheless be bound by such action to their loss and damage for which appellee must be held liable. *Fitch* v. *Scott,* 3 How. (Miss.), 314.

*W. R. Harper,* for appellee.

Halsell, the appellee, was practicing law in Laurel, Missis-

sippi. He received a claim of appellants against one Allison for collection, the claim being forwarded to him by Snow, Church & Company, a collection agency, who, together with the claim, sent some printed fee-rates for ordinary collections. The claim seems to have been an old and stale claim for whiskey sold by Allison by appellants. Halsell obtained judgment by default for the full amount. After much diligent effort, including the issuing of garnishments upon different railroad companies in North Mississippi, and after pushing the matter for a long while and assuming all of the costs himself, and after being threatened with an injunction and a plea of exemption, to which Allison was entitled, Halsell, the appellee, succeeded in making a compromise with the attorneys representing Allison for a sum less than the amount due, which sum was immediately paid. Halsell, feeling that the efforts he had made and the expenses he had incurred entitled him to a larger fee than ten per centum of the sum in hand, wrote to Snow, Church & Company that he would charge them a larger fee because of the character of the litigation, and he also enclosed them the money he had collected, less an amount deducted as his fee. Snow, Church & Company immediately returned him his remittance. He thereupon sent it to the appellants, who also returned it, all the while failing to accept the compromise Halsell had made with Allison. Thereupon Halsell returned the money to Allison, and, so far as the meager record shows, Allison promptly accepted return of the money. Appellee had cancelled the judgment against Allison, but Allison's acceptance of the money from Halsell of course reinstated the judgment. And then Nathan & Company sued Halsell to recover the full amount of the money received by him, not even crediting him with the amount of court costs or other expenses he had paid out in the matter. The suit against Halsell was instituted after he had returned the money to Allison. The court below gave a peremptory instruction for Halsell, and the plaintiffs, Nathan & Company, appealed to this court.

It is urged by the learned counsel for appellee that the bringing of this suit by appellants was a ratification of the compromise made by Halsell. Manifestly this was too late, for Halsell had then returned the money to Allison. If Nathan & Company had accepted the money that Halsell sent, and then sued for the balance, an implied ratification of the compromise might be claimed. But as appellants refused to accept any of the remittance, Halsell had a right to return the sum subsequently to Allison. And appellants were thereby reinstated to all of their rights under the judgment against Allison. Surely Halsell was under no duty to undertake all of the litigation and labor incurred by him for the inadequate fee of ten per centum of the sum collected.

The contract between appellee and appellants is not proved. It was not offered in evidence, if it had been, it would have shown, doubtless, that the ten per centum allowed for the attorney's services referred to a collection where there was no litigation. The failure of the appellants, the plaintiffs below, to prove the contract's terms, and the meager and indifinite evidence offered by the appellants on the trial, are sufficient to warrant the peremptory instruction in favor of the appellee given by the court below.

CALHOON, J., delivered the opinion of the court.

The appellants sent their claim against one Allison to Snow, Church & Co., a general collection agency. Snow, Church & Co. forwarded it for collection to the appellee, who was an attorney at law. In forwarding their claim it is manifest that they stipulated for a fee of ten per cent to be charged for the collection. In this condition of things it is plainly the law that the attorney could not charge more than that per centum for making this collection. If he saw that there was to be an unusual amount of labor performed, so as to make the per centum incommensurate with the labor and trouble involved, it was his

duty to inform them of the fact and have a stipulation for further compensation.

The attorney at once instituted suit in favor of the owners of the claim against Allison and got a judgment by default for about $114. Being unable, as he says, to realize by an execution against Allison, he was compelled to garnish the railroad company, which he did. On this proceeding of garnishment he effected a compromise by which he received $105 and agreed that he or his clients should pay the costs, and this bound his clients. This $105 was paid to him, and out of it he paid these costs. The net result of the compromise, after paying the costs, was the sum of $98. He had not consulted his clients about compromise. He had not obtained their consent to it, but gave a receipt, as attorney for his clients, in full of the claim for the compromise money. Thereupon he forwarded to Snow, Church & Co. one-half of the net result, reserving fifty per cent of it for his own compensation. Of all this there can be little doubt from the whole record. His clients refused to receive what he sent, and returned the fifty per cent to the attorney who had forwarded it. The attorney then testified that he returned the money which he had received in compromise of the Allison claim to Allison himself, and wrote his clients that they were at liberty to proceed to get the money as they saw fit. There is no showing as to whether the judgment had been marked "Satisfied" or not. It is not shown that his clients objected to the compromise, but it seems plain that their objection was confined to the fifty per cent fee. The appellants, who were the owners of the claim and for whom he had sued and got judgment, thereupon brought suit against him for the amount of the compromise money, less the stipulated rate per centum for collection. He had no right on the evidence to return this money without authority, and it was his duty, on being sued personally, to have set up the matters he urges as a defense in the proof. The amount sued for by his client was liable to be re-

duced, so that the claim against him should have the proper abatement.

With the record, fairly considered, presenting this state of facts, we hold that a peremptory instruction to the jury to find for the defendant cannot be sustained.

*Revised and remanded.*