NICHOLAS GOERGEN, APPELLEE, v. DEPARTMENT OF PUBLIC WORKS OF THE STATE OF NEBRASKA ET AL., APPELLANTS.

FILED JULY 29, 1932. No. 28393.

C. A. Sorensen, Attorney General, and L. Ross Newkirk, for appellants.

George W. Leamer, contra.

Heard before ROSE, DEAN, EBERLY, DAY and PAINE, JJ., and BEGLEY and BLACKLEDGE, District Judges.

ROSE, J.

This is a suit for an injunction to prevent the state department of public works and its employees, defendants, from appropriating a strip of plaintiff's land in Dakota county for a public highway without paying therefor or depositing with the county judge the amount of a 1,200-dollar award which appraisers made December 15, 1930, in a condemnation proceeding instituted by the department of public works before the county judge August 4, 1930. The facts on which the suit is based are stated in the petition for the injunction.

The state of Nebraska by the department of public works appeared specially in the suit for an injunction and objected to the jurisdiction of the court over that department. The employees named as defendants admitted that the department of public works applied August 4, 1930, for condemnation of the land described in the petition and pleaded that appraisers regularly appointed by the county judge August 4, 1930, made a conclusive award of $500 August 19, 1930, after due notice to them and to plaintiff;

that the damages which plaintiff will sustain by the taking of his land for highway purposes were thus determined; that plaintiff did not appeal from the award of $500; that the amount of the 500-dollar award and the costs were duly paid by state warrant to the county judge for the benefit of plaintiff in November, 1930; that the alleged appraisement of $1,200 December 15, 1930, and all proceedings in the county court in the condemnation proceedings subsequent to the award of'$500 August 19, 1930, were void; that plaintiff prevented employees of the state from lawfully entering upon the land condemned for highway purposes. The reply to the answer was a general denial.

There were two appraisements of damages and two awards. The first or 500-dollar award was made August 19, 1930, by appraisers or commissioners appointed by the county judge. The second or 1,200-dollar award was made December 15, 1930, by appraisers or commissioners selected and summoned by the sheriff and afterwards appointed by the county judge. Both awards were made in the same proceeding on the same application of the department of public works. The county judge entered upon his records September 18, 1930, an order setting aside the first award as void, but he received by state warrant in November, 1930, $557.50, the amount of the first award and costs. Plaintiff rejected $500 as compensation for his land. The foregoing facts were shown without dispute. Plaintiff relied on the invalidity of the first award and on the regularity and conclusiveness of the second award from which there was no appeal. Defendants relied on the validity of the first award, from which there was no appeal, and on the invalidity of the second award.

The district court found the issues in favor of plaintiff and granted an injunction enjoining defendants from entering upon plaintiff's land until the award of $1,200 shall have been paid. Defendants appealed.

In the supreme court defendants argued that damages for taking land for highway purposes, when not determined

by agreement, are ascertained by commissioners appointed by the county judge; that commissioners were so appointed in the first instance pursuant to statute on a sufficient application; that regular proceedings thereafter resulted in the valid award of $500, from which there was no appeal; that the award and costs were paid to the county judge; that defendants were entitled to enter upon the condemned land for the purpose of opening the highway; that the injunction was erroneously granted. These propositions require consideration of the statutes granting to the department of public works the power of eminent domain for highway purposes and prescribing the manner of exercising that power. The legislative grant contains the following language:

"For such purposes power is hereby conferred upon the department of public works to take, hold and appropriate so much real estate as may be necessary and convenient in the manner provided for appropriation and condemnation of real estate by counties for public use." Comp. St. 1929, sec. 39-1403.

The county method of condemning land for public use was thus adopted for the department of public works. One section of the adopted statute provides:

"The damages which shall be paid to the owner by a county for any real estate taken as aforesaid, when not agreed upon, shall be ascertained and determined by commissioners who shall be appointed by the county judge of said county as hereinafter provided." Comp. St. 1929, sec. 26-710.

This section does not confer on the county judge the unrestricted power of appointment. His appointing power is limited by the concluding phrase, "as hereinafter provided." The section next following that quoted reads in part:

"The county judge of the county in which such real estate may be situated, shall upon the written application of either party, direct the sheriff of said county to summon three disinterested freeholders of the county, and not

interested in a like question, whose duty it shall be to carefully inspect and view the real estate sought to be appropriated, and who shall hear either party interested therein in reference to the amount of damages when they are so inspecting and viewing said real estate and who thereafter shall assess the damages which the owner shall sustain by the appropriation of his or her land." Comp. St. 1929, sec. 26-711.

Prior to 1929, this section, referring to "freeholders," contained the phrase "to be selected by said judge." Comp. St. 1922, sec. 1019. The provision granting to the county judge the authority to select the three freeholders to be summoned by the sheriff was eliminated by the legislature. Laws 1927, ch. 56, sec. 3. The different provisions of the law as it now stands should be considered together and, thus construed, the county judge is without power to appoint or select the appraisers in the first instance upon application of the department of public works for condemnation of land for highways. According to the statutory method now provided it is the duty of the sheriff to select and summon three disinterested freeholders. Until this is done the county judge is without appointing power. Compliance with the statutory method is necessary to the taking of land for highway purposes without the consent of the owner.

The record under consideration shows conclusively that the county judge attempted to appoint appraisers August 4, 1930, before they had been selected and summoned by the sheriff as required by law, and that these were the appraisers who, August 19, 1930, made the 500-dollar award upon which defendants rely to justify their entry upon the land of plaintiff. For the reasons stated this award and the subsequent payment thereof to the county judge constituted no defense whatever to the suit for the injunction.

Defendants argued further that the county judge was without power to set aside the first award, since he exercised ministerial and not judicial powers in the condemnation proceedings. The determination of this question is

unnecessary, because the first award was void without any further action of the county judge or county court and afforded no defense to the application for an injunction.

Another argument was directed to the proposition that the second award was void because it was made without jurisdiction, the state having had no notice of the action taken to procure the 1,200-dollar award and no appearance having been made for the state or the department of public works by any authorized attorney. This position is clearly untenable. The department of public works of the state of Nebraska made the sole application for condemnation. For that purpose Malcolm R. Smith, a qualified attorney at law, was regularly selected by the department of public works and performed services in that capacity throughout the proceedings. On the application for the appointment of appraisers he made oath that he was the attorney for the department of public works in the condemnation proceedings. The evidence shows he continued to act in that capacity to the end. It was his duty as attorney to procure the condemnation. He verified and presented the only application therefor. After the void award was made he recognized its invalidity and continued to perform the duties of his employment, requiring him to procure a right of way. He took part in all subsequent proceedings. His duties did not terminate with the void award because he had not yet procured the condemnation required by his employment. There is nothing to show he had been dismissed or that his term of service had been otherwise terminated. He knew every material step in the proceedings. His knowledge was the knowledge of the department of public works and of the state itself. He was not guilty of misconduct or fraud. After making the entry of the order purporting to set aside the first award the county judge and plaintiff had a right to rely on the integrity of Smith's continued professional services on behalf of defendants. The clients were bound by the legal action of their attorney. The proceedings following the void award conformed to statutory requirements. The

1,200-dollar award was regular and valid and binds all parties to the condemnation proceedings, since there was no appeal.

Immunity of the state from suit without its consent is invoked to defeat the injunction. This point is also without merit. Where the state starts proceedings legally resulting in a decision which, as to it, is unsatisfactory, it should either appeal or abide by the consequences like other litigants. Under the Constitution the state cannot take private property for public use without just compensation. Damages of $1,200 were lawfully determined but never paid to plaintiff or the county judge. Employees of the department of public works were trespassers. As such they were not the state when they attempted to take plaintiff's land. As wrongdoers they were properly restrained.

In view of the conclusions reached on the questions decided, other propositions urged by defendants do not require discussion. The injunction was properly granted.

AFFIRMED.