STATE, EX REL. G. B. IRA ET AL., APPELLEES, V. J. A. ADAMSON, COUNTY JUDGE, APPELLANT.

FILED OCTOBER 20, 1933. No. 28755.

*Paul F. Good, Attorney General, Paul P. Chaney* and *W. L. Brennan,* for appellant.

*Wills & Wills, contra.*

*Morsman & Maxwell, amicus curiæ.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and SHEPHERD, District Judge.

SHEPHERD, District Judge.

This is an appeal from Boyd county. The action was in mandamus. Proceedings had been begun by the department of public works of Nebraska to condemn real estate for road purposes. The owners of the land, G. B. Ira and R. E. Kriz, contested the award as too little, and subsequently appealed to the district court. The condemnation money was paid to the county judge, the appellant herein, and the department took possession of the land and proceeded with its highway construction. Later Ira and Kriz, the appellees, dismissed their appeal and almost immediately the department of public works began further condemnation proceedings in the case on the theory that the first proceedings were defective, and the award therein made absolutely void because the appraisers had been selected by the judge instead of by the sheriff.

The appellees demanded the condemnation money in the hands of county judge Adamson and commenced this action for a peremptory writ of mandamus commanding the county judge to turn it over to them. Issues were joined, trial was had, and the trial court entered the order prayed for. Thereupon the respondent came here upon appeal. The assignments of error are: (1) The judgment is contrary to the evidence, (2) contrary to

law, (3) not sustained by sufficient evidence, and (4) erroneous because not for the appellant and against the appellees.

The record, which is entirely documentary, indeed shows that the appraisers were selected and appointed by the judge. The following is a part of his order: "Appointment of Appraisers. To N. E. Baker, Wm. D. Spicknall, and James B. Roush, you and each of you are hereby notified that you have been selected by me upon application of the department of public works of the state of Nebraska, to inspect the following described real estate, to wit," etc.

This order imports verity and is not to be robbed of its plain meaning by the fact that possibly the sheriff may have reported the names of these appraisers to the court in the first instance and that thereupon the court appointed them. Nor can we agree that since there was no oral evidence as to what was actually done it is to be presumed that what was done was done according to law. We conclude and hold that the selection of the appraisers was by the county judge and not by the sheriff.

It is an unusual situation where both the judge and the department of public works assail the work of their own hands. They retain the benefits and impugn the means by which they were obtained. Certainly the appellant must be declared to be estopped unless jurisdiction was not acquired. Certainly, too, if the judgment of award was merely voidable the order of the trial court is quite unimpeachable. But if the award was void, a nullity, that ends the matter. Nothing can be done in mandamus to require the appellant to pay and no power can be based upon any of the proceedings.

The deciding of the controversy clearly hangs on sections 26-710 and 26-711, Comp. St. 1929, and upon their construction, interpretation, and application. These statutes read as follows:

Section 26-710. "The damages which shall be paid to the owner by a county for any real estate taken as afore-

said, when not agreed upon, shall be ascertained and determined by commissioners who shall be appointed by the county judge of said county as hereinafter provided."

Section 26-711. "If the owner of any real estate shall refuse to agree with the county board as to the amount of the damages sustained by him on account of the appropriation of his land for public use by the county, the county judge of the county in which such real estate may be situated, shall upon the written application of either party, direct the sheriff of said county to summon three disinterested freeholders of the county, and not interested in a like question, whose duty it shall be to carefully inspect and view the real estate sought to be appropriated, and who shall hear either party interested therein in reference to the amount of damages when they are so inspecting and viewing said real estate and who thereafter shall assess the damages which the owner shall sustain by the appropriation of his or her land to the use of such county and shall make report in writing to the county judge of said county."

These sections do not employ the term "selection" but use the words "appoint" and "summon." The old statute, however, provided expressly that the appraisers were "to be selected by said judge." There was an amendment of the statute in 1927 (Laws 1927, ch. 56) omitting the phrase quoted and providing that three instead of six appraisers should be appointed.

It has been definitely concluded by the decisions of this court that by this amendment the great and important function of selecting disinterested and unprejudiced men to appraise the land sought to be condemned is lodged solely and entirely in the sheriff, and that the judge acts only in a ministerial capacity in appointing. In the late case of *Goergen v. Department of Public Works,* 123 Neb. 648, the question was fully discussed, and the doctrine fully established. In that case it was expressly determined and adjudged that where the appraisers are selected and appointed by the judge the award is void.

Such being the law of the state of Nebraska, it rules the case at bar. The decision of the trial court in the instant case is only to be sustained upon the theory that the award was valid or at least voidable. Such was not the case. The award was void. The peremptory writ issued by the trial judge should have been denied and the same is held to be without authority of law and of no effect. The judgment of the lower court is reversed and the cause is remanded, with instructions that an order be entered in accordance with the holdings of this opinion.

REVERSED.