CLARENCE J. THURSTON, APPELLANT AND CROSS-APPELLEE, V. TRAVELERS INSURANCE COMPANY ET AL., APPELLEES: EMMA JAYNE HILTON, CROSS-APPELLANT.

FILED DECEMBER 31, 1934. No. 29039.

*M. L. Donovan* and *Clarence J. Thurston,* for appellant.

*Brogan, Ellick & Shoemaker, Robert B. Hamer* and *Kennedy, Holland & De Lacy, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Day and Paine, JJ., and Lovel S. Hastings, District Judge.

Eberly, J.

This is an action in equity to secure a judicial determination of the amount of attorney's fees alleged to be due plaintiff for his services in the case of Hilton v. Travelers Insurance Company in the district court for Douglas county, and the enforcement of an attorney's lien for the recovery of the same.

Defendant Hilton joined issue by general denial, and also alleged, in substance, that the receipt by plaintiff of the sum of $150 as attorney's fee allowed by the trial court, and the payment by such defendant to plaintiff of an additional sum of $167.90 as a gratuity, constituted payment in full under the terms of the contract of employment. The plaintiff then by reply put in issue the new matter set forth in defendant's answer. Trial was had to the court, and evidence was submitted on behalf of both parties.

On October 10, 1933, the trial court, on consideration of the evidence, entered a finding and judgment determining that a contract of employment as attorney and client existed between the plaintiff and defendant, and that plaintiff had complied with the terms thereof; that, under the provisions of such agreement, plaintiff was entitled to have and receive the sum of $150 (being the attorney's fee allowed by the court) and in addition thereto 20 per cent. of the judgment of $839 entered in said cause (all of which the defendant had theretofore paid) ; also that plaintiff was entitled to 20 per cent. of the weekly payments on the policy in suit, for total permanent disability of defendant accruing thereon from May 25, 1932, to June 10, 1933, amounting to $225.56 (which at the time of the judgment defendant had not paid) ; and that plaintiff was entitled to an attorney's lien for the amount so adjudged to be due. Further recovery by plaintiff was denied by the trial court.

On October 16, 1933, plaintiff filed a cost bond on appeal in the sum of $75, which was approved on that day by the clerk of the district court for Douglas county.

On October 19, 1933, the written stipulation of all interested parties was filed in said cause in the district court for Douglas county, providing, in part, as follows: "Now, therefore, it is hereby stipulated and agreed, by and between the parties hereto, that the defendant Emma Jayne Hilton may draw from the clerk of this court 50 per cent. of the money already paid into court by said insurance company and may receive 50 per cent. of all payments which are due and may become due from said insurance company pending this appeal, and that the plaintiff herein may draw down $225.56 and his costs in this court from the clerk of this court and that the balance of the money in the hands of the clerk of this court shall remain in his hands until the determination of the appeal herein, and that the Travelers Insurance Company will pay into court the payments which are due and may become due the defendant Emma Jayne Hilton pending this appeal, 50 per cent. of which shall be paid to defendant Emma Jayne Hilton by the clerk and 50 per cent. of said funds to be held by the clerk of this court until the final determination of the appeal herein and then to be disbursed in accordance with the decision of the supreme court."

Plaintiff now presents an appeal, filing his transcript on appeal in this court on October 25, 1933, and defendant Hilton has cross-appealed.

Appellant challenges the correctness of the conclusions of the trial court, and claims that the evidence, properly considered, fairly shows that a valid oral agreement was entered into by him and defendant Hilton, by the terms of which he was to receive the sum of $150, allowed by the trial court as attorney's fees in the case of Hilton v. Travelers Insurance Company, and 20 per cent. of the judgment entered in that case, and also 20 per cent. of all weekly benefits for permanent total disability to which

defendant Hilton would subsequently become entitled by the terms of the policy in suit.

We have carefully read the record and are unable to accept this contention. It will be remembered that this case is presented on appeal as an action in equity, in which the duty is imposed on this tribunal "to retry the issue or issues of fact involved in the finding or findings of fact complained of upon the evidence preserved in the bill of exceptions, and upon trial *de novo* of such question or questions of fact, reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court or the fact that there may be some evidence in support thereof." Comp. St. 1929, sec. 20-1925.

Both parties agree that at the time plaintiff was first employed by the defendant the agreement was, in substance, that in the event a settlement could be secured with the Travelers Insurance Company of a certain claim of defendant Hilton without the institution of a suit no charges of attorney fees whatever would be made by plaintiff. Efforts to arrive at a satisfactory settlement with the Travelers Insurance Company proved fruitless, and the plaintiff and defendant Hilton thereupon instituted an action at law against such insurance company.

The defendant's evidence on the subject of the agreement then made as to attorney fees which plaintiff was to receive is as follows: "Q. Was there anything said over the telephone about any attorney's fees? A. Yes, sir. I asked him about attorney's fees then, and he said, 'Well, Emma Jayne, I don't want you to worry about any attorney's fees.' He said, 'If we win the suit,' he said, 'no doubt we will,' he said, 'they will allow me attorney's fees, and if we lose,' he says, 'I know your circumstances, and I will not charge you anything.'"

This evidence to the effect that the actual agreement by the terms of the contract was that the litigation was to be carried on for the compensation as determined by the

court in the original case is corroborated by plaintiff's admissions as testified to by two witnesses.

Subsequently, and after entry of judgment in the case thus instituted, it appears from the evidence that defendant Hilton agreed to pay, and did pay, plaintiff an additional sum of $167.90, being 20 per cent. of the judgment so actually entered. Defendant says this payment was in the nature of a mere gratuity, and that she never agreed to any further additional payment. The evidence of plaintiff conflicts with these statements. But, in view of the corroboration of defendant's testimony, we feel compelled to accept it as stating the facts as to the terms of the original employment of plaintiff which form the binding contract of employment between these parties.

The contract actually made is controlling. That the compensation it provides is inadequate is not appealing to the conscience of this court. An attorney is bound by his contract the same as any other person, even though he may have agreed to act for an inadequate amount or for no fee at all, unless the agreement is made under a mistake of fact which the law recognizes. 6 C. J. 738; 2 R. C. L. 1047, sec. 129; *Estate of Rapp v. Elgutter*, 77 Neb. 674; *Falloon v. Miles*, 102 Neb. 843; *Lavenson v. Wise*, 131 Cal. 369; *Tong v. Orr*, 44 Ind. App. 681; *Nathan v. Halsell*, 91 Miss. 785; *Reynolds v. Sorosis Fruit Co.*, 133 Cal. 625; *McElroy v. Russell & Avritt*, 15 Ky. Law Rep. 740; *Stone v. Hart*, 23 Ky. Law Rep. 1777; *Walsh v. School District No. 1*, 17 Mont. 413.

Indeed, as to any attempted modification or substitution of contracts of employment by attorneys, after the relation of attorney and client has been created, the general rule appears to be that an agreement for additional compensation, made after such relationship is established, is presumptively invalid, and unless the agreement embraces the performance of services not contemplated before, it will be void for want of consideration. 6 C. J. 737; 2 R. C. L. 1037, sec. 120; *Ridge v. Healy*, 251 Fed. 798; *Moore v. Rochester Weaver Mining Co.*, 42 Nev. 164;

*White v. Tolliver,* 110 Ala. 300; *Marshall v. Dossett,* 57 Ark. 93; *Shropshire v. Ryan,* 111 Ia. 677; *Egan v. Burnight,* 34 S. Dak. 473; *Stern v. Hyman,* 182 N. Car. 422; *Hubbard v. George,* 81 W. Va. 538.

This court finds from conflicting evidence that, under the original agreement between these parties at the time the suit was originally instituted against the Travelers Insurance Company, the compensation of plaintiff was limited to the sum to be allowed by the trial court in that case. Thus, it follows that no additional compensation may be allowed except within the limitation above noted.

It would seem that this jurisdiction is really committed to a rule more favorable to the defendant than that hereinbefore stated. In *Olson v. Farnsworth,* 97 Neb. 407, the controlling principle was stated in the following language: "Under ordinary circumstances, an attorney who has contracted with his client as to the amount of his compensation for a specified service will not be allowed to contract for greater compensation for such service while the service is being rendered."

No substantial services additional to those in contemplation at the time of the original contract for institution of the suit appear to have been rendered, so there can be no recovery of additional compensation by plaintiff in this case.

True, after the satisfaction of judgment, defendant Hilton paid plaintiff an additional sum of $167.90. Under the circumstances then existing this constituted an honorarium, and was rightly received and retained by plaintiff. But the defendant did not agree to make the further payment of $225.56, which sum was 20 per cent. of the amounts accruing on the policy in suit from the date of the institution of the court action thereon to the date of the settlement of judgment. Indeed, in view of the contract of employment as we have determined it to be, plaintiff, under the Nebraska rule, would not be entitled to "contract for greater compensation" in this case than that contemplated in his original agreement, after judgment

had been entered in the case in which his services were rendered.

It is not to be forgotten that an attorney is not entitled to a percentage of the amount recovered by his client in the absence of an express contract to that effect; the burden of proving which rests on the attorney asserting it. 6 C. J. 741, 758; *Crumlish's Adm'r v. Shenandoah Valley R. Co.*, 40 W. Va. 627.

However, a serious question presented by the record, though not argued in the briefs of the parties, is whether an appeal or cross-appeal is maintainable, so far as the allowance of the sum of $225.56 as made by the trial court is concerned. By the terms of the stipulation filed in the district court the plaintiff has or at least is entitled to "draw down" $225.56 of the moneys in controversy on this appeal. Indeed, both parties, plaintiff as well as defendant, have appropriated the benefits, at least in part, of the judgment entered and appealed from. The time for filing an appeal bond had not yet expired when this stipulation was filed. So far as disclosed by the record, it must be considered as the voluntary act of the parties. This jurisdiction is committed to the rule announced in *Harte v. Castetter*, 38 Neb. 571, viz.: "A party who, after appealing from a decree in his favor, voluntarily accepts the benefits or receives the advantage of the decree is thereby precluded from afterwards prosecuting his appeal." See, also, *Gray v. Smith*, 17 Neb. 682; *Hamilton County v. Bailey*, 12 Neb. 56; *Weston v. Falk*, 66 Neb. 198; *Green v. Hall*, 43 Neb. 275; *Meade Plumbing, Heating & Lighting Co. v. Irwin*, 77 Neb. 385.

The general rule cannot be gainsaid that, pending appeal, an event may occur which renders a decree unnecessary, in which case the appeal will be dismissed. Such a condition may arise by act of the appellant or plaintiff in error himself, or of the appellee or defendant in error, as where, pending appeal, he does or relinquishes the right to do some act in respect to which the appeal is taken. 3 C. J. 360, *et seq.* This appears true even though the pay-

ment of judgment was for the accommodation of appellee, and under an agreement that the acceptance of payment should not affect appellant's right of appeal. *Mutual Benefit Life Ins. Co. v. Simpson,* 163 Ind. 10. See, also, *Denver v. Brown,* 47 Colo. 513; *Board of Com'rs of Clinton County v. Clark,* 43 Ind. App. 499; *In re Black's Estate,* 32 Mont. 51.

It appears that, having in effect voluntarily agreed to the payment of the $225.56 to the plaintiff by the terms of the stipulation executed by defendant, she may not now invoke the jurisdiction of this court on that subject.

It necessarily follows that the judgment of the district court in this proceeding must be deemed correct, and it is

AFFIRMED.