MARCUS HOESLY, APPELLEE, V. DEPARTMENT OF ROADS AND IRRIGATION, APPELLANT.

6 N. W. (2d) 365

FILED NOVEMBER 20, 1942. No. 31482.

*Walter R. Johnson, Attorney General,* and *Herbert T. White,* for appellant.

*Wagner & Wagner, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an action growing out of a proceeding by the Department of Roads and Irrigation of the state of Nebraska, defendant in error and appellant, to condemn certain lands of Marcus Hoesly, plaintiff in error and appellee, and others for highway purposes.

It appears that on August 17, 1940, the appellant, in conformity with statute, instituted its condemnation proceeding in Platte county, Nebraska, and thereafter, again in conformity with statute, appraisers were appointed to appraise the damages to appellee's lands. On August 31, 1940, the appraisers made an award of damages. The award to the extent necessary to be set out and as it appears in the transcript is as follows:

" * * * will suffer damages by reason of the taking of said land for right of way purposes by the department of roads and irrigation of the state of. Nebraska, in the amount of:

"3.834 acres at $100.00 per acre........................$ 383.40
160 rods of new fence............................................ 120.00
For moving 160 rods of old fence...................... 32.00
For 19 trees at $5.00 per tree.............................. 95.00
For moving straw shed......................................... 25.00

| | |
|---|---|
| For trench silo | 20.00 |
| For moving barn | 500.00 |
| For moving or damage to wind mill | 25.00 |
| Moving hog fence | 37.50 |
| Damage and inconvenience during construction | 250.00 |
| Permanent damage 40 acres in section 17 | 800.00 |
| Permanent damage 80 acres in section 18 | 800.00 |
| Total | $3,087.90 |

"In the event that the state elects to eliminate stock pass as shown between section 17 and 18, on the plans of said project then we find the total of all damage to be $5,087.90."

Following the rendition of the award and on September 20, 1940, appellant paid to the county judge on the award the sum of $3,087.90, and thereafter on November 4, 1940, appellee accepted this sum and receipted for it through his attorneys as follows:

"Receipt November 4th, 1940. Markus Hoesly has elected to take cash and declines to accept a cattle pass. He therefore acknowledges receipt of $3,087.90, on this award and claims the balance of $2,000.00."

No appeal was taken from the award. However, the appellee, on November 28, 1940, filed a petition in error in the district court. Later, on February 14, 1942, with leave of court, appellee filed an amended petition in error wherein he alleged that the appraisers erroneously considered a cattle pass in their appraisal and award of damages, and prayed that the court hold that the appraisers so erred and that the award be corrected by omitting reference to a cattle pass, and that the appellant be required to pay the balance of what appellee claimed was the true award, in the amount of $2,000 with interest.

To this amended petition the appellant filed a general demurrer which was overruled. Appellant elected to stand upon its demurrer, and judgment was rendered in favor of appellee for the relief prayed. From this judgment appellant brings the case here for review.

The only error presented here is that of whether or not the petition states a cause of action, or, to state it differently, was the petition sufficient to confer on the district court the right to review the condemnation proceedings?

That the appellee had the right to have reviewed in the district court the award of the appraisers there can be no doubt. Section 39-1403, Comp. St. 1929, empowers condemnation by the department of roads and irrigation. The same section provides that the procedure for condemnation shall conform to the requirements of sections 26-709 to 26-715, Comp. St. 1929, which contain the procedural requirements for condemnation by county boards. Section 26-711 of these provisions provides for review of the award of appraisers by appeal to the district court.

Another method of review is provided by section 20-1903, Comp. St. 1929, which method is by petition in error to the district court. It is urged *arguendo* that this latter method is not available to the appellee, but this contention cannot be sustained. *In re Estate of Berg,* 139 Neb. 99, 296 N. W. 460.

The first paragraph of the syllabus in *In re Estate of Berg, supra,* is as follows:

"Section 20-1903, Comp. St. 1929 (Rev. St. 1913, sec. 8177), *held* to have been legally enacted on the adoption of Revised Statutes 1913, and to provide effective procedure by 'petition in error' to secure a review by the district court of a final order made by the county court in the exercise of probate jurisdiction."

This statement is directly applicable here since the county court in the exercise of probate jurisdiction is one of the tribunals included in the provisions of section 20-1901, Comp. St. 1929. Boards of appraisement such as the one under consideration here are tribunals for condemnation and come within the purview of the section as well as does the county court in the exercise of probate jurisdiction. The section is as follows:

"A judgment rendered, or final order made, by a county court, justice of the peace or any other tribunal, board or

officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court."

Viewed in the light of these statutory provisions, it appears that a petition in error which sets forth the errors complained of entitles the petitioner, on his request for reversal, vacation or modification, to a hearing in the district court. Appellee complained that the appraisers erred in the consideration of matters which they had no right to consider. He had the right to have this matter considered and adjudicated in the district court.

We hold, therefore, that the appellee's proceeding in error was proper and the district court properly entertained it, unless by reason of matters presented on the face of the petition it is apparent that he has defeated or waived his right to assert error.

The matter which was submitted to the appraisers was damages, and on the petition in error the matter of damages and correction of the award were presented for review. It is obvious from an examination of the petition in error that to determine the matter presented by the petition it was necessary for the district court to examine the proceedings of the appraisers and the award, whatever it was, in its entirety. In other words, it became necessary to make a determination of what in fact and law was the award. The petition, fairly interpreted, pleads lack of certainty in the award.

Notwithstanding the lack of certainty of the award, as pleaded, the appellee chose to accept that portion which appeared favorable to him and received and receipted for the money, and thereafter sought a review of the award by petition in error in the district court.

The appellant insists that by acceptance of that which appeared to be favorable the appellee has forfeited and waived the right to review.

It is well established by the decisions of this court that it is the general rule that one may not voluntarily accept payment of that part of a judgment in his favor and afterwards

prosecute an appeal from the part which is against him. *Harte v. Castetter,* 38 Neb. 571, 57 N. W. 381; *Weston v. Falk,* 66 Neb. 198, 92 N. W. 204; *McKee v. Goodrich,* 84 Neb. 479, 121 N. W. 577; *Thurston v. Travelers Ins. Co.,* 128 Neb. 141, 258 N. W. 66; *Larabee v. Larabee,* 128 Neb. 560, 259 N. W. 520; *First Trust Co. v. Hammond,* 139 Neb. 546, 298 N. W. 144.

The rule, however, has its exceptions. An exception exists where the right to the benefit is absolute and cannot possibly be affected by reversal of the judgment. It is the possibility that appeal may lead to a result showing that the party was not entitled to what was received under the judgment appealed from that defeats the right of appeal. *Weston v. Falk,* 66 Neb. 202, 93 N. W. 131; *Meade Plumbing, Heating & Lighting Co. v. Irwin,* 77 Neb. 385, 109 N. W. 391; *First Trust Co. v. Hammond, supra.*

It is our conclusion that the situation here is controlled by the rule rather than by any exception. On the petition in error, and that is what must be the basis of consideration by this court, it cannot be said that there was no lack of possibility that on hearing in the district court a different result would have been reached with regard to money which appellee had accepted and for which he had given his receipt. On finding of irregularity in the award, as was pleaded by the appellee, the district court, there being no bill of exceptions, would have been required to make a *de novo* inquiry for the purpose of determining the truth or falsity of appellee's contention, and would have been required to ascertain and determine an award entire in character and enter judgment thereon. This would inevitably necessitate a change in the award even though the contention of appellee were sustained, since it is his contention that the appraisers severed the award, whereas it should have been entire. In addition to this it cannot be said certainly that on a hearing *de novo* the court would have arrived at the same conclusion as did the appraisers.

Since it may be urged that this is a proceeding in error and not appeal, and that therefore the rules of law laid

down in the cases cited on waiver by acceptance of benefits has no application, it is pointed out here that the rule applies alike in appeals as in proceedings in error to the district court. In *McKee v. Goodrich, supra,* it is stated: "The rule is well established in this jurisdiction that a party who voluntarily accepts the benefits or receives the advantage of a judgment or decree of the trial court is thereby precluded from afterwards prosecuting error or appeal."

We hold that the appellee, by accepting the benefit of the portion of the award of the board of appraisers which was favorable to him, waived the right to have that portion which was, or apparently was, unfavorable reviewed by the district court on petition in error.

The judgment of the district court is reversed and the petition in error dismissed.

REVERSED AND DISMISSED.