MARCUS HOESLY, APPELLEE, V. DEPARTMENT OF ROADS AND IRRIGATION, APPELLANT.

9 N. W. (2d) 523

FILED MAY 14, 1943.   No. 31482.

*Walter R. Johnson, John H. Comstock* and *Herbert T. White,* for appellant.

*Wagner & Wagner, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

PAINE, J.

This is an error proceeding to correct an award made by the appraisers in the condemnation of land for a state highway, upon an application made by the department of roads and irrigation to the county judge of Platte county, Nebraska. The district judge ordered that the award of the appraisers be corrected to show an award of $5,087.90, from which order the department appealed, and filed a transcript of the proceedings in the district court, but there is, of course, no bill of exceptions. This action was before this court, and our first opinion in this case, released November 20, 1942, will be found in 142 Neb. 383, 6 N. W. (2d) 365. An oral argument was allowed upon the motion for rehearing, after which this opinion was prepared.

The amended petition in error, filed February 14, 1942, sets out that on August 17, 1940, the department of roads and irrigation of the state of Nebraska, hereinafter called the defendant in error, made application to the county judge of Platte county for the appointment of appraisers to appraise an easement for road purposes across the real estate of Marcus Hoesly, hereinafter called the petitioner in error. There is attached to this amended petition in er-

ror, as exhibit A, the application for the appointment of appraisers, filed in the county court, describing in detail the land over which the easement was desired, and then asking that, in accordance with sections 26-709 to 26-715, both inclusive, and section 39-1403, Comp. St. 1929, said county judge shall direct the sheriff to summon three disinterested freeholders of the county, whose duty it shall be to carefully inspect and view the above described land and hear the parties interested therein, and who shall thereafter assess the damages which the owner will sustain by the appropriation of said land for highway purposes.

In said exhibit A there appears the return of the appraisers to the county court, which return shows that the sheriff had served their appointment upon them, that they had taken and signed an oath, that they had inspected the real estate, and that they did sit as a board of appraisers and received the evidence relative to the amount of damages that had been sustained, and do make their return concluding with the paragraph showing that Marcus Hoesly, petitioner in error, will suffer damages by reason of the taking of said land for right of way purposes by the department of roads and irrigation, and then follow 12 specific items of damage, amounting to a total sum of $3,087.90. The report concludes with these paragraphs:

"In the event that the state elects to eliminate stock pass as shown between section 17 and 18, on the plans of said project then we find the total of all damage to be $5,087.90.

"All of which is hereby respectfully submitted.

"Dated this 31st day of August, A. D., 1940.

"John Eihausen
"Henry Luchsinger, Jr.,
"Julius O. Nyffeler
"Appraisers."

On September 20, 1940, the county judge received a check from the state of Nebraska for Marcus Hoesly for $3,087.-90, and gave a receipt, reading as follows:

"Receipt November 4th, 1940. Markus Hoesly has elected to take cash and declines to accept a cattle pass. He

therefore acknowledges receipt of $3,087.90, on this award and claims the balance of $2,000."

Either party had the right to appeal to the district court from this award by filing a transcript in the district court within 60 days from the date of the filing of this report by the appraisers, and the parties would then have proceeded to trial as though the action had been originally instituted in said district court. Comp. St. 1929, sec. 26-711.

However, neither of the parties sought relief by such an appeal. This court has said that, where proceedings commenced by the state in such a case result in unsatisfactory decision, the state should either appeal or abide by the consequences. *Goergen v. Department of Public Works*, 123 Neb. 648, 243 N. W. 886.

This left as the only method of review of which either party might avail himself a proceeding by a petition in error, as set out in section 20-1903, Comp. St. 1929.

Marcus Hoesly therefore had three months from the date of the entry of the final order made by the appraisers in the condemnation matter, under section 20-1931, Comp. St. 1929, and his petition in error was filed November 28, 1940. As either party had the right to appeal to the district court by petition in error, then either party, after the determination in the district court, would likewise have a right to bring that judgment to this court for review by error proceedings. One cannot be denied his right of review in the appellate courts, and proceedings in error are always resorted to where no other method is pointed out or provided for. In error proceedings from the orders of the county board, its findings are given the same weight and conclusiveness as the verdict of a jury, or the judgment of a court. *Dodge County v. Acom*, 72 Neb. 71, 100 N. W. 136; *In re Estate of Berg*, 139 Neb. 99, 296 N. W. 460; *Loup River Public Power District v. Platte County*, 135 Neb. 21, 280 N. W. 430.

The defendant in error filed a general demurrer to the amended petition in error, for the reason that the facts stated were insufficient to constitute a cause of action against the defendant in error.

On April 4, 1942, a judgment was entered by the district judge, setting out that upon the overruling of the demurrer the defendant in error excepted thereto and declined to plead further, and thereupon the matter was submitted to the court for final disposition.

The judgment further states that the appraisers by their award found that the plaintiff in error had sustained damages in the sum of $5,087.90 by reason of the taking of the easement; further, that the appraisers erred in injecting a stock pass into their award, for the issues did not present the stock pass, and the appraisers had no authority to give the defendant in error a right to elect to build a stock pass in lieu of the payment of $2,000 of said award, and the petitioner in error having received $3,087.90 of said award, there is due $2,000, with interest at 6 per cent. from August 31, 1940. It is ordered that the award of the appraisers be and the same is hereby corrected to conform to the foregoing findings. Upon the entry of said judgment the defendant in error gave notice of appeal to this court.

Section 14-a of the Revised Rules of this court provides that counsel shall set out in his brief an assignment of errors upon which he relies for a reversal, and that they shall be separately numbered. We regret to state that no such assignment of errors appears in the brief of the attorney general, and therefore we must discuss the alleged errors as found in the three propositions of law, which are: (1) That effect should be given to all the words of a judgment, which words should be construed according to their natural and legal import; (2) where a party accepts all or a part of a judgment he waives a right to prosecute an appeal; and (3) the amended petition in error does not state a cause of action.

The report of the appraisers said briefly that, in the event the state elects to eliminate stock pass as shown on plans, then we find the total of all damage is $5,087.90.

Now, that statement is the first place in the transcript that the words "stock pass" are found. The proceedings before appraisers did not refer to a stock pass, but it ap-

pears from the amended petition in error that a drawing was handed to the county judge with the application for condemnation of such easement, but that drawing was not made a part of the application, and there is no reference in the application to this drawing, which is not an exhibit; that neither in said application in condemnation nor in said drawing is there any reference made in any way to a cattle pass.

The demurrer of defendant in error proceedings is in effect a motion to dismiss the petition in error, as only a question of law is presented by such petition. Upon the overruling of the demurrer filed herein, the defendant having elected to stand on the demurrer and plead no further, the demurrant's case stood as upon default, and final judgment was thereupon properly entered, and no language therein needs to be construed or interpreted for lack of clarity, as charged in the first proposition of law.

We will now consider the second proposition of law,— that the plaintiff having accepted the amount paid in cash, $3,087.90, he thereby waived his right to appeal for the $2,000 balance due on the award.

In the absence of an agreement to the contrary, or a waiver, usually payment for property taken under the power of eminent domain must be made in money, and the landowner cannot be compelled to accept other property in payment, such as other land or a grant of a right of way over adjoining land. See 29 C. J. S. 1088, sec. 191.

"The medium of payment of compensation is ready money or cash. The condemnor cannot compel the owner to accept anything but money, nor can the owner compel or require the condemnor to pay him on any other basis than the value of the property in money at the time and in the manner prescribed by the Constitution and the statutes. When the power of eminent domain is resorted to, there must be a standard medium of payment, binding upon both parties, and the law has fixed that standard as money or cash." *Mandl v. City of Phoenix*, 41 Ariz. 351, 18 Pac. (2d) 271.

A party does not lose his right to appeal by accepting anything under a judgment, when the appellate court has power to modify the judgment so as to make it more favorable to appellant, without reversing it or interfering with the provisions in his favor of which he accepted the benefit. *Tyler v. Shea*, 4 N. Dak. 377, 61 N. W. 468, cited in *Weston v. Falk*, 66 Neb. 202, 93 N. W. 131.

One cannot accept or secure a benefit under a judgment, and then appeal from it, when the effect of the appeal may be to annul the judgment, unless his right to the benefit is absolute and cannot possibly be affected by the reversal of the judgment, and where there is no possibility that the right to the benefit may be affected by reversal of the judgment, the right to appeal is unimpaired by acceptance of the benefit. See *First Trust Co. v. Hammond*, 139 Neb. 546, 298 N. W. 144.

"Where an appellant has accepted the benefits of the judgment appealed from, and there is no possibility that the appeal may lead to a result whereby the appellant may recover less than has been received under the judgment, the right to appeal is unimpaired." *State v. Jemez Land Co.*, 30 N. M. 24, 226 Pac. 890.

In the case at bar, the plaintiff did not appeal from that part of the decree which was "against him," as charged by the state. He did not seek a review of the part by which the state paid him the $3,087.90, for his right to that had become absolute, as no appeal had been taken by the state, and he had accepted the warrant. He only appealed to the extent that the state must pay him the additional $2,000 for a cattle pass which the state never constructed, nor intended to construct.

The plaintiff had accepted that part of the award which was legal, being the part payable in money, and the judgment of the district court corrected the illegal portion of the award by omitting the reference to the cattle pass and entering judgment for $2,000 for the balance due in the appraisers' award.

Our former opinion, found in 142 Neb. 383, 6 N. W.

(2d) 365, is hereby set aside, and the judgment of the lower court is affirmed.

AFFIRMED.

YEAGER, J., dissenting.

I respectfully dissent from the majority opinion which vacates the one originally adopted and appearing in 142 Neb. 383, 6 N. W. (2d) 365, for the reason, first, that the ultimate decision is erroneous, and, second, it fails to comprehend the true procedure and the true office and function of proceedings in error from an inferior tribunal to the district court.

The opinion involves factual considerations which can properly be determined only on exceptions taken in the inferior tribunal. There is an entire absence of exceptions.

The opinion treats the petition in error as a pleading in the ordinary sense, whereas its office is but to call attention to errors of the inferior tribunal, and in this case only errors of law are properly for consideration since no exceptions were preserved.