REQUESTED BY: Senator Jerome Warner Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Warner:
This is in response to your letter of March 31, 1983, in which you have set forth a hypothetical fact situation, and then asked a number of questions with reference to that hypothetical situation.
We note that the hypothetical, and questions asked with reference thereto, are in anticipation of your introducing an amendment to LB 373.
The fact situation, or hypothetical, which you have submitted for our consideration involves a petition being filed with the county court for a conservator which is to be appointed for person A, an adult. On the same day, a supplemental petition is filed by the same person, seeking to have a guardian ad litem appointed for person A.
The following day, the court appoints a guardian ad litem. The appointment of the guardian ad litem is made without a hearing and without serving a summons upon person A (the ward). The guardian ad litem then waives the notice of the conservatorship hearing for person A, and then, pursuant to hearing, the court appoints a conservator for person A. At no time has person A been personally served with any notice of the conservatorship appointment proceedings.
The first question you ask, with reference to the above hypothetical, is whether the court ever had jurisdiction, conferred under Neb.Rev.Stat. § 30-2631 (Reissue 1979), to hear the original petition for appointment of a conservator.
You also ask whether the court made a valid appointment, within the facts of the hypothetical, of a guardian ad litem under Neb.Rev.Stat. § 30-2636(b) (Reissue 1979).
After examining the statutes in question, with reference to the hypothetical you have posed, we conclude that the court did have jurisdiction to hear the original petition for appointment of a conservator, and the appointment of the guardian ad litem was valid.
The jurisdiction of the court to consider the appointment of a conservator for an adult would attach upon the filing of the petition seeking such appointment. Neb.Rev.Stat. §§ 30-2601, 30-2602 (Reissue 1979).
The court would be required to conduct a hearing, upon notice to all interested persons, before appointing a conservator or making any other protective order (Neb.Rev.Stat. § 30-2630 (Reissue 1979); and the extent of the court's jurisdiction, after notice, would include complete continuing administration of the estate (Neb.Rev.Stat. § 30-2631 (Reissue 1979)).
Although there is a notice requirement prior to appointing a conservator, or making any other protective order, there would not appear to be any notice requirement prior to the appointment of a guardian ad litem.
Specifically, a guardian ad litem may be appointed under circumstances as set forth by Neb.Rev.Stat. 30-2636(b), which states, in part, that:
 Upon receipt of a petition for appointment of a conservator or other protective order for reasons other than minority, the court shall set a date for hearing. Unless the person to be protected has counsel of his own choice, the court may appoint a lawyer to represent him who then has the powers and duties of a guardian ad litem.
Section 30-2636(b), does not require notice prior to appointment of the guardian ad litem.
A guardian ad litem so appointed may then waive the notice which would otherwise be required by § 30-2634(b), so that a conservator for an adult could then be appointed pursuant to hearing, as provided by § 30-2630(2).
You also ask whether § 30-2634, `even allows a guardian ad litem to waive notice of a conservatorship hearing to an adult because subsection (b) . . . apparently sets out the requirements for notice to minors,' rather than adults. (Emphasis added.)
Section 30-2634(b) provides, insofar as relevant here, that `waiver of notice by the person alleged to be incapacitated is not effective unless he attends the hearing or his waiver of notice is confirmed in an interview with the visitor or such notice is waived by a guardian ad litem.'
The language of the subsection is not expressly limited to waiver of notice to `minors'. In fact, the sentence in question expressly provides for waiver of notice to persons `alleged to be incapacitated.'
`Incapacitated person' is defined by Neb.Rev.Stat. 30-2601(1) to mean any person who may be the subject of a protective proceeding as the result of any cause set forth in that section, except minority.
Clearly, then, when read in light of § 30-2601(1), 30-2634(b) would refer to a waiver by a guardian ad litem of notice to adults.
Finally, you ask whether § 30-2634, allowing waiver of notice by a guardian ad litem, is constitutional.
It is the general rule of law, recognized in Nebraska, that notice to an attorney is notice to the attorney's clients.Marshall v. Rowe, 126 Neb. 817, 254 N.W. 480
(1934); Goergen v. Department of Public Works, 123 Neb. 648,243 N.W. 886 (1932). And cases have generally recognized that an attorney's authority would include the right to waive any notice required to be served on the client (in this case, the ward). 7A C.J.S., Attorney and Client, 196, p. 323.
The law just stated, generally applicable to attorneys, is also applicable to the guardian ad litem appointed pursuant to § 30-2636 because said guardian ad litem is required to be a lawyer and, under the rules just cited, acts on behalf of his client. (Neb.Rev.Stat. § 30-2636(b) (Reissue 1979)).
Waiver of notice by a guardian ad litem appointed under § 30-2636(b) would probably not be unconstitutional because said waiver would, under the general rule cited, be regarded as a waiver of notice by the ward. Of course, the final determination of whether the statute contravenes provisions of the Constitution is a judicial function. Davis v. GeneralMotors, 176 Neb. 865, 127 N.W.2d 907 (1964).
In conclusion, under the hypothetical which you have posed, the court did have jurisdiction to hear the original petition for appointment of a conservator of an adult; the appointment of the guardian ad litem would be valid under 30-2636(b); § 30-2634 would allow a guardian ad litem to waive notice of a conservatorship hearing to an adult; and 30-2634
is probably constitutional.
Very truly yours, PAUL L. DOUGLAS Attorney General Frank J. Hutfless Assistant Attorney General